Edmund L. Cogburn, Harry N. Walsh, III, Houston, for appellant.

Joe B. Henderson, Jr., Thomas A. Leeper, Huntsville, for appellee.

Before ROBERTSON, CANNON and BOWERS, JJ.

**ACADEMY CORP., Appellant,**

v.

**SUNWEST N.O.P., INC., Appellee.**

**No. C14–92–00285–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 6, 1993.

Rehearing Denied June 3, 1993.

### OPINION

ROBERTSON, Justice.

Academy Corp., appellant, brings this appeal from a county court judgment in a forcible detainer action brought by Sun-West N.O.P., Inc., appellee. We dismiss the appeal for want of jurisdiction.

A final judgment of the county court in a forcible detainer action may not be appealed on the issue of *possession,* unless the premises are used for residential purposes. Tex.Prop.Code Ann. § 24.007 (Vernon Supp.1993); *see Mullins v. Coussons,* 745 S.W.2d 50, 51 (Tex.App.—Houston [14th Dist.] 1987, orig. proceeding); *Chang v. Resolution Trust Corp.,* 814 S.W.2d 543, 545 (Tex.App.—Houston [1st Dist.] 1991, no writ). Appellant concedes that the property involved was used for commercial purposes. Therefore, we do not have jurisdiction to review the county court's determination of possession.

In its first point of error, appellant argues that it is contesting appellee's proof of the landlord-tenant relationship. We agree with appellant that appellee had the burden to prove that a landlord-tenant rela-

tionship existed between the parties. TEX. PROP.CODE ANN. § 24.002 (Vernon Supp. 1993). However, we do not agree with their contention that this proof is jurisdictional, and therefore reviewable by this court. This relationship is just one of the elements required by § 24.002 to support a forcible detainer action. The proof of a landlord-tenant relationship is required to show who has the greater right of possession, and the question of possession is exactly what § 24.007 says is not reviewable.

Appellant also challenged the award of attorney's fees to appellee. However, appellant based its challenge of the award on the lack of jurisdiction. If appellant had challenged the sufficiency of the evidence to support the award, § 24.007 would not preclude this court from a review of such a point of error. Since appellant based his point of error on the merits of possession, we do not have jurisdiction to review the award.

Appellee's motion to dismiss is granted and we order this appeal dismissed for want of jurisdiction.