**A.V.A. SERVICES, INC., Appellant,**

v.

**PARTS INDUSTRIES CORP., Appellee.**

No. 09–95–370 CV.

Court of Appeals of Texas,
Beaumont.

Submitted Jan. 16, 1997.

Decided July 24, 1997.

Gary L. McConnell, Angleton, for appellant.

Walter D. Snider, Snider, Donaldson & Wolfrom, Beaumont, for appellee.

Before WALKER, C.J., and BURGESS and HILL [1], JJ.

**OPINION**

HILL, Justice (Assigned).

A.V.A. Services, Inc. appeals a judgment in this forcible entry and detainer action that Parts Industries Corp. have possession of the commercial premises that was the subject of this suit, as well as a judgment against it for $6,000.00, the amount of its appeal bond from the justice court to County Court at Law Number One of Jefferson County. A.V.A. contends in three points of error that the trial court erred: (1) in awarding Parts Industries a monetary judgment equal to the

1. The Honorable John Hill, sitting by assignment pursuant to TEX. GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

amount of the appeal bond set by the justice court and in ordering forfeiture of that bond; (2) in denying its motion to quash the forcible detainer proceedings; (3) in rendering judgment in favor of Parts Industries because at the time it brought suit against A.V.A. it was a foreign corporation that had transacted business in Texas without a certificate of authority. Parts Industries contends that this Court does not have jurisdiction over the appeal of the judgment in this case due to the provisions of Section 24.007 of the Texas Property Code.

■ We dismiss this appeal as to points of error numbers two and three because this Court has no jurisdiction over those points that relate to that portion of the trial court's judgment awarding possession to Parts Industries since the lease in question was a commercial lease. We overrule point of error number one and affirm the judgment because no error is shown where the judgment forfeits the full amount of the appeal bond in the absence of a formal award of damages since the trial court may afford such damages in forcible entry and detainer cases through the forfeiture of the bond. We also note that a claim that the judgment is not supported by the pleadings may not be raised for the first time on appeal. In the absence of a statement of facts, we are unable to determine whether this issue was previously presented to the trial court so as to that issue nothing is preserved for review.

■ We will first consider Parts Industries' claim that this Court does not have jurisdiction over this appeal due to the provisions of Section 24.007 of the Texas Property Code. Among other things, that section provides that a final judgment of a county court in a forcible entry and detainer suit or a forcible detainer suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only. TEX. PROP.CODE ANN. § 24.007 (Vernon Supp.1997). In this case the premises are commercial. Consequently, this Court does not have jurisdiction of the appeal as it relates to the issue of possession. However, a portion of the judgment relates to costs that were awarded below, as well as the forfeiture of the appeal bond. This Court

does have jurisdiction of this appeal as it relates to issues other than possession.

A.V.A. contends in point of error number two that the trial court erred by denying its motion to quash the forcible detainer proceedings. A.V.A.'s motion was based upon its contention that there was no landlord-tenant relationship between it and Parts Industries. Such an issue may not be raised in this appeal because it is a question of possession, the issue concerning which this Court does not have jurisdiction. See Academy Corp. v. Sunwest N.O.P., Inc., 853 S.W.2d 833, 834 (Tex.App.—Houston [14th Dist.] 1993, writ denied). We dismiss this appeal as to point of error number two.

A.V.A. urges in point of error number three that the trial court erred in rendering judgment in favor of Parts Industries because at the time it brought suit it was a foreign corporation that had transacted business in Texas without a certificate of authority. Inasmuch as the judgment rendered was one of possession, A.V.A.'s assertion that the trial court erred in rendering that judgment is a question of possession, over which, as we have stated, this Court does not have jurisdiction. We dismiss this appeal as to point of error number three.

A.V.A. contends in point of error number one that the trial court erred in awarding Parts Industries a monetary judgment equal to the amount of the appeal bond set by the justice court and in ordering the complete forfeiture of the bond. Since this point of error does not concern the issue of possession of the premises, we hold that this Court has jurisdiction to determine this point of error.

■ When A.V.A. appealed this cause from the justice court to the county court at law, it executed an appeal bond in the amount of $6,000.00 for the purpose of securing any costs and damages that might be adjudged against it. The county court at law's judgment awards possession of the premises to Parts Industries, awards no damages against A.V.A., and charges costs of court to A.V.A. The costs of court at the county court at law were $159.00. The judgment also forfeited the appeal bond and

granted Parts Industries judgment against A.V.A. for the full amount of the appeal bond.

Under the authority of Rule 752 of the Texas Rules of Civil Procedure, the trial court may award damages for the prevailing party and award recovery up to the full amount of the appeal bond to cover damages and costs. Consequently, where, as here, there is no statement of facts, no error is shown where the full amount of the bond is forfeited even though the judgment otherwise awards no damages, since it is presumed that the trial court was awarding such damages by means of the bond forfeiture. *See Bobbitt v. Womble*, 708 S.W.2d 558, 561 (Tex.App.—Houston [1st Dist.] 1986, no writ).

■■■ A.V.A. insists that the trial court could not forfeit the appeal bond to cover any damages to Parts Industries because Parts Industries' pleading did not seek damages. We agree with the general rule, cited by A.V.A., that the trial court's judgment must ordinarily conform to the pleadings. *See Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 812 (Tex.1983); *Texaco, Inc. v. Wolfe*, 601 S.W.2d 737, 741 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). However, in this case we have no statement of facts. Therefore, there is no showing that A.V.A. received a trial court determination as to the absence of pleading to support the judgment. It may not raise this issue for the first time on appeal. *Roth v. Law*, 579 S.W.2d 949, 958 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.); Tex.R.App. P. 52(a). Consequently, as to this issue, nothing is preserved for review. We overrule point of error number one.

The appeal is dismissed as to points of error numbers two and three. Inasmuch as we have overruled point of error number one, the only remaining point of error, the judgment is affirmed.

AFFIRMED.

BURGESS, Justice, concurring.

I concur in the result, but vehemently disagree with the majority's dismissing points of error two and three for lack of jurisdiction. Point of error two alleges the trial court erred in denying A.V.A.'s motion to quash the forcible detainer proceedings. Although titled a motion to quash, the motion is in reality a plea to the jurisdiction. The motion acknowledged there was a lease agreement between the parties, but alleged A.V.A. had exercised an option to purchase the property and thus the landlord-tenant relationship had ceased and a vendor-purchaser relationship had arisen. Therefore, since A.V.A. was not a tenant of Parts, A.V.A. was not subject to a forcible detainer action and neither the justice court, nor the county court had subject matter jurisdiction. A.V.A. seeks a review of the denial of this motion, not a review of the judgment awarding possession.

Parts and the majority rely upon *Academy Corp. v. Sunwest N.O.P., Inc.*, 853 S.W.2d 833 (Tex.App.—Houston [14th Dist.] 1993, writ denied), and its holding at 834:

> We agree with appellant that appellee had the burden to prove that a landlord-tenant relationship existed between the parties. TEX.PROP.CODE ANN. § 24.002 (Vernon Supp.1993). However, we do not agree with their contention that this proof is jurisdictional, and therefore reviewable by this court. This relationship is just one of the elements required by § 24.002 to support a forcible detainer action. The proof of a landlord-tenant relationship is required to show who has the greater right of possession, and the question of possession is exactly what § 24.007 says is not reviewable.

With all due respect to my colleagues on the Fourteenth Court of Appeals, their holding that proof of a landlord-tenant relationship is not jurisdictional is a mis-analysis. In Texas, the procedure to determine the right of possession of real property, if there were no unlawful entry, is the action of forcible detainer. Such an action is a special proceeding governed by the particular applicable statutes and rules. *See Kennedy v. Highland Hills Apartments*, 905 S.W.2d 325, 326–27 (Tex.App.—Dallas 1995, no writ) (citing *Haginas v. Malbis Memorial Found.*, 163 Tex. 274, 277, 354 S.W.2d 368, 371 (1962)).

TEX. GOV'T CODE ANN. § 27.031 [1] (Vernon 1988 & Supp.1997) gives justice courts original jurisdiction of cases of forcible detainer. *See also* TEX. PROP. CODE ANN. § 24.004 (Vernon Supp.1997). TEX. PROP. CODE ANN. § 24.002(a) [2] (Vernon Supp. 1997) defines an action in forcible detainer. Under the statute, a person who refuses to surrender possession of real property commits a forcible detainer if the person is a holdover *tenant,* a *tenant* at will or sufferance or a *tenant* of a person who acquired possession by forcible entry. While the Houston Court is correct that, from a sufficiency of the evidence standpoint, "[the landlord-tenant] relationship is just one of the *elements* required by Section 24.002 to support a forcible detainer action," the court fails to recognize that *without* the existence of the landlord-tenant relationship there cannot be an action in forcible detainer. *Academy,* 853 S.W.2d at 834. Only after the landlord-tenant relationship is proven does the court entertain proof of who has the greater right of possession. If the justice court finds in favor of the landlord, the landlord is entitled to a judgment for possession and a writ of possession. *See* TEX. PROP. CODE ANN. § 24.0061(a) (Vernon Supp.1997); TEX. R. CIV. P. 748. It is from this determination of possession that Section 24.007 says is not reviewable.

*Meyer v. Young,* 545 S.W.2d 37 (Tex.Civ. App.—Austin 1976, no writ) involved an appeal from a dismissal in the county court of an appeal from the justice court in a forcible entry and detainer case. The court dismissed for lack of jurisdiction based on two alleged procedural defects. The court of appeals held the county court was in error and should have not dismissed the case.

The court of appeals also considered a motion to dismiss the appeal based upon Tex.Rev.Civ. Stat. Ann. art. 3992 (Vernon 1966). [3] Despite the fact no damages were sought nor awarded, the court held it had jurisdiction to determine the appeal:

> We are aware that there are cases holding to the contrary however, the sense of Art. 3992 seems to contemplate a hearing on the merits in the county court with respect to possession before that court's judgment becomes nonappealable. This is so in spite of the fact that a judgment of dismissal has been held to be a final judgment. *Witty v. Rose,* 148 S.W.2d 962 (Tex. Civ.App.1941, writ dism'd).

> To hold to the contrary would deny the appellant his day in court where a jurisdictional error of the county court is apparent from the face of the record.

*Meyer,* 545 S.W.2d at 39.

Justice Shannon in a concurrence stated:

> The county court regarded, and necessarily treated, the special exceptions as pleas to its jurisdiction. Having determined those exceptions (pleas) adversely to Meyer, the court dismissed the appeal.

> Texas Rev.Civ.Stat. Ann. Art. 3992 provides that no appeal lies to the Court of Civil Appeals from a judgment of the coun-

---

1. " § 27.031. Jurisdiction

   (a) In addition to the jurisdiction and powers provided by the constitution and other law, the justice court has original jurisdiction of:
   (1) civil matters in which exclusive jurisdiction is not in the district or county court and in which the amount in controversy is not more than $5,000, exclusive of interest;
   (2) cases of forcible entry and detainer; and
   (3) foreclosure of mortgages and enforcement of liens on personal property in cases in which the amount in controversy is otherwise within the justice court's jurisdiction."

2. " § 24.002. Forcible Detainer

   (a) A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person:

   (1) is a tenant or a subtenant wilfully and without force holding over after the termination of the tenant's right of possession;
   (2) is a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease; or
   (3) is a tenant of a person who acquired possession by forcible entry.
   (b) The demand for possession must be made in writing by a person entitled to possession of the property and must comply with the requirements for notice to vacate under Section 24.005."

3. "The judgment of the county court finally disposing of the cause shall be conclusive of the litigation, and no further appeal shall be allowed, except where the judgment shall be for damages in an amount exceeding one hundred dollars." (Current version at TEX. PROP. CODE ANN. § 24.007 (Vernon 1984)).

ty court in a forcible detainer suit unless the judgment awards damage in excess of one hundred dollars. *Pizanie v. Citizens Investment Company*, 448 S.W.2d 803 (Tex.Civ.App.1969, writ ref'd).

Although Art. 3992 precludes appellate review on the merits in a forcible detainer suit, the statute does not prevent this Court from determining whether the county court had jurisdiction of the cause.

Every court of limited powers must determine its own jurisdiction in the first instance, and it does so when it assumes to hear and determine a case or when it refuses to hear and determine a cause. That does not preclude another court of general powers from making the same inquiry. If another court were precluded from determining the lower court's jurisdiction, the judgment of every court, however special and limited its authority, would be conclusive in all cases, except where some other court was vested with appellate powers. [citations omitted]

In *Housing Auth., City of Edgewood v. Sanders*, 693 S.W.2d 2 (Tex.App.—Tyler 1985, writ ref'd n.r.e.), the court initially reversed a judgment of the County Court of Van Zandt County and ordered the appeal pending therein dismissed because after the trial of the de novo appeal in the county court, the county judge found that no judgment had been signed by the justice of the peace, thus the county court had not acquired jurisdiction. On motion for rehearing, the court addressed the question of its jurisdiction in light of TEX. PROP. CODE ANN. § 24.007 (Vernon 1984). The court noted Section 24.007 is a recodification, a revision without substantive change of former TEX. REV. CIV. STAT. ANN. art. 3992, but former article 3992 was applicable since the cost bond was filed before January 1, 1984. The court noted while several courts had adhered to the proposition that Article 3992 deprives

a court of appeals of jurisdiction to decide on appeal whether a county court's determination that such court did or did not have jurisdiction of an appeal from justice courts in forcible detainer suits[4], the Supreme Court had not given its approval to that proposition.[5] The court noted the holding in *Meyer*, and agreed with that decision, particularly recognizing Judge Shannon's concurring opinion. The court concluded the limitation on appeal expressed in article 3992 had reference only to the judgment on the merits.

*Mullins v. Coussons*, 745 S.W.2d 50 (Tex. App.—Houston [14th Dist.] 1987, no writ) was a forcible detainer action where Mullins sought a writ of mandamus. After the justice of the peace court had entered an agreed judgment, Mullins' adversary appealed to County Court at Law Number 4. The county court at law granted a summary judgment against Mullins. As a basis for the mandamus Mullins relied upon two theories: the county court at law obtained no jurisdiction because the justice court had entered an agreed judgment and the county court at law abused its discretion in granting the summary judgment.

The court of appeals reviewed the jurisdiction issue holding the issue of appealing an agreed judgment was a question of waiver or estoppel rather than a question of jurisdiction. *Id.* at 51. Therefore, the county court properly exercised its jurisdiction. The court of appeals held it lacked jurisdiction to pass on Mullins' summary judgment complaint because Section 24.007 of the Texas Property Code prohibits an appeal from final judgments of county courts in forcible entry and detainer suits or forcible detainer suits on the issue of possession unless the premises in question are being used for residential purposes only and a party to a forcible detainer suit in a county court cannot use a writ of mandamus to accomplish an appeal prohibited by this statute. The court found no

4. *Cavazos v. Simpson*, 668 S.W.2d 507 (Tex. App.—Amarillo 1984, no writ); *Campuzano v. Melendez*, 643 S.W.2d 238 (Tex.Civ.App.—El Paso 1982, no writ); *Woolley v. Burger*, 602 S.W.2d 116 (Tex.Civ.App.—Amarillo 1980, no writ); and *New Friendship Baptist Church v. Collins*, 453 S.W.2d 529, 530 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ).

5. Neither side in this appeal has cited a Texas Supreme Court case on this issue nor does my research reveal a Supreme Court pronouncement.

grounds upon which to grant the writ of mandamus.

The only relevancy of this case is, while the Court of Appeals recognized Section 24.007 as a bar to reviewing the propriety of the summary judgment, it did not consider it a bar to reviewing and deciding the question of the county court at law's jurisdiction.

It is difficult to improve on Justice Shannon's words in *Meyer*, or to be more logical than the Tyler court in *Housing Auth., City of Edgewood.* However, I can point out the absurdity of the *Academy* holding. A displaced and disgruntled Chicago Cubs fan could file a forcible detainer action in the appropriate justice court in Harris County[6] alleging he had a leasehold on the Astrodome from Harris County, the owner; as landlord he had sublet the Astrodome to a tenant, the Houston Astros Baseball Club and, for whatever reason, the Astros were a holdover tenant or a tenant at will or sufferance. The Astros would defend, alleging they were in direct privy with Harris County and thus a tenant of Harris County, not a tenant of the fan, therefore no landlord-tenant relationship, no jurisdiction. The justice court could, without evidence or against the evidence, render judgment for the fan. Confident justice would prevail, the Astros would appeal to one of the county courts at law of Harris County, once again asserting no landlord-tenant relationship, no jurisdiction. All those jurists, being avid Astro fans, would voluntarily recuse themselves and a visiting judge from Dallas, an avid Rangers fan, would hear the de novo appeal. This second court could, without evidence or against the evidence, render judgment for the Cub fan and issue a writ of execution ordering the Astros out. [Note: the Chicago fan has manipulated the time sequence so a four game series between Chicago and Houston, scheduled for the Dome, must now be moved to Wrigley Field]. A virtual army of three-piece, pin-stripe-suited lawyers delve into legal research with all the intenseness, vigor and resolve of an at bat by Jeff Bagwell, Astro slugger and first baseman. They expect to find a belt high,

middle of the plate, fast ball,—i.e., although Section 24.007 precludes appellate review on the merits in a forcible detainer suit, the statute does not prevent a court of appeals from determining whether the county court had jurisdiction of the cause. Instead, they find a low and outside the strike zone, curve ball,—i.e., proof that a landlord-tenant relationship existed between the parties is just one of the elements required to support a forcible detainer action, but this proof is not jurisdictional; it is required to show who has the greater right of possession and the question of possession is not reviewable by a court of appeals (*Academy Corp. v. Sunwest N.O.P., Inc.*) To add insult to injury, this "curve ball" is out of the very court of appeals they must rely on for relief. However, unlike the great all-star hitter, they will not get an at bat, much less hit one out of the park. The scoreboard:

> ACADEMY CORP.  1
> ASTROS  0

Based upon the better-reasoned case law and the absurdity of the majority's precedent, this court has jurisdiction, to review the question of the county court's jurisdiction, which had no jurisdiction on appeal unless the justice court had jurisdiction. *Goggins v. Leo*, 849 S.W.2d 373, 375 (Tex.App.—Houston [14th Dist.] 1993, no writ). The only issue in a forcible detainer suit is the right to actual possession; the merits of the title shall not be adjudicated. Therefore, if it becomes apparent that a genuine issue regarding title exists in a forcible detainer suit, the county court does not have jurisdiction over the matter. *Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169 (Tex.App.-Houston [1st Dist.] 1995, writ denied); *see also* TEX. R. CIV. P. 746; *Gentry v. Marburger*, 596 S.W.2d 201, 203 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *Haith v. Drake*, 596 S.W.2d 194, 196–97 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *Am. Spiritualist Assn. v. Ravkind*, 313 S.W.2d 121, 124(Tex. Civ.App.—Dallas 1958, writ ref'd n.r.e.).

---

**6.** A more absurd scenario would be to file the action in a justice court in El Paso county, contra to section 24.004 and have the matter proceed through those courts. Hopefully, the El Paso court would not follow *Academy Corp.* and would review the improper jurisdiction of the El Paso justice court.

The county court at law held a hearing on A.V.A.'s motion to quash and heard evidence. A.V.A. has not brought forward a statement of facts from that hearing. If A.V.A. had proven, as a matter of law, it had properly exercised its option to purchase under the lease, then a binding, bilateral contract was formed and the relation of landlord and tenant ceased and that of vendor and purchaser arose. *Pitman v. Sanditen,* 626 S.W.2d 496, 498 (Tex.1981). Consequently, a forcible detainer action would not lie and neither lower court would have had subject matter jurisdiction. However, this court must, in the absence of any statement of facts, find that evidence was adduced supporting facts evidencing the lower court's jurisdiction. *See Byrd v. Attorney General of the State of Tex., Crime Victims Compensation Div.,* 877 S.W.2d 566, 568 (Tex.App.—Beaumont 1994, no writ); *Law Off. of Yarborough & Pope v. Nat. Auto.,* 548 S.W.2d 462 (Tex.Civ.App.—Fort Worth 1977, writ ref'd n.r.e.).

In summary, I would hold this court can and should review the question of the lower courts' jurisdiction. However, having no statement of facts, we are unable to review the county court's determination of jurisdiction and must overrule both points of error on that ground.