NO. 07-06-0419-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 31, 2008

______________________________


TERRA XXI, LTD., TERRA PARTNERS, VEIGEL FARMS,
INC., ROBERT W. VEIGEL, AND ELLA MARIE VEIGEL, APPELLANTS

v.

AG ACCEPTANCE CORPORATION, APPELLEE

_________________________________

FROM THE COUNTY COURT OF DEAF SMITH COUNTY;

NO. CI-2006-04972; HON. ROLAND SAUL, PRESIDING

_______________________________

Before CAMPBELL and PIRTLE, JJ., and BOYD, S.J.



Â 
OPINION
Â Â Â Â Â Â Â Â Â Â This is an appeal from a forcible detainer proceeding in which possession of the
property was awarded to appellee Ag Acceptance Corporation. Appellants (who we will
refer to collectively as âTerraâ) present seven issues. We affirm.
Factual Background
Â Â Â Â Â Â Â Â Â Â In September 2003, a substitute trustee for Ag Acceptance conducted a non-judicial
foreclosure on property owned by Terra, pursuant to a deed of trust. Ag Acceptance
acquired the property at the foreclosure sale, and demanded that Terra vacate the
property. Terra did not do so and in early 2004, Ag Acceptance filed a petition for forcible
detainer.


 The justice court awarded Ag Acceptance possession of the property. Terra
then appealed to the county court for a trial de novo.


 Both parties filed motions for
summary judgment. The county court granted summary judgment in favor of Ag
Acceptance. This appeal followed.
Analysis
Texas Property Code Â§ 24.007
Â Â Â Â Â Â Â Â Â Â Terraâs second issue challenges the trial courtâs grant of Ag Acceptanceâs motion
for summary judgment and its denial of Terraâs motion for summary judgment. By its third
issue, Terra contends a fact issue was raised regarding Ag Acceptanceâs capacity to
maintain the forcible detainer action, and by its fourth issue contends the trial court erred
by failing to strike an affidavit among Ag Acceptanceâs summary judgment evidence and
by denial of discovery on the subjects addressed in the affidavit. Terraâs fifth and sixth
issues present appellants Robert and Ella Marie Veigelâs contention that the trial court
erred by granting summary judgment against their claimed homestead rights in 200 acres
of the property. Ag Acceptance responds that we lack jurisdiction under Property Code Â§
24.007 to address the issues. We agree with Ag Acceptance. 
Â Â Â Â Â Â Â Â Â Â Section 24.007 of the Property Code states, in part, âA final judgment of a county
court in an eviction suit may not be appealed on the issue of possession unless the
premises in question are being used for residential purposes only.â Tex. Prop. Code Ann.
Â§ 24.007 (Vernon 2000). Applying this statutory limitation on appellate jurisdiction, courts
of appeals have found they lack authority to review determinations of the right of
possession and findings essential to the issue of possession, but have reviewed trial court
rulings on issues other than possession. See Volume Millwork, Inc. v. West Houston
Airport Corp., 218 S.W.3d 727 (Tex.App.âHouston [1st Dist.] 2006, pet. denied) (finding no
jurisdiction to review issues of landlordâs capacity to evict or award of possession to
landlord, but reviewing sufficiency of evidence supporting damages and attorneyâs fees); 
Carlsonâs Hill Country Beverage, L.C. v. Westinghouse Road Joint Venture, 957 S.W.2d
951, 952-53 (Tex.App.âAustin 1997, no pet.) (finding Â§ 24.007 precluded review of issue
of possession but reviewing challenges to damages and attorneyâs fees awarded); A.V.A.
Services, Inc. v. Parts Indus. Corp., 949 S.W.2d 852, 853 (Tex.App.âBeaumont 1997, no
writ) (finding no jurisdiction over points relating to judgment awarding possession, but
reviewing monetary judgment). Here, the county court awarded no relief other than
possession of the property.


 It is undisputed that the property subject to the courtâs
judgment, comprising more than eight sections of land in Deaf Smith County, was not used
for residential purposes only. Terraâs issue two, and its issues five and six regarding the
Veigelsâ homestead claim, directly challenge the courtâs ruling on the issue of possession. 
Its third issue addresses Ag Acceptanceâs capacity to seek possession through forcible
detainer, and its fourth issue challenges evidentiary and procedural rulings of the county
court, both of which issues challenge essential findings on the issue of possession. See
Volume Millwork, 218 S.W.3d at 727 (treating landlordâs capacity or authority to proceed
against tenant as essential finding on issue of possession); A.V.A. Services, 949 S.W.2d
at 857 (also treating challenge to authority of foreign corporation to maintain forcible entry
and detainer as question of possession). Again, the court awarded no relief but
possession. Accordingly, we are precluded by Â§ 24.007 from review of Terraâs second,
third, fourth and fifth issues. 
Jurisdiction of Courts Below
Â Â Â Â Â Â Â Â Â Â Terraâs first issue asserts the justice court and county court lacked subject matter
jurisdiction over the forcible detainer action because, it contends, the question of
entitlement to possession of the property also involved questions of title. The sole issue
in a forcible detainer action is which party has the right to immediate possession of the
property. Dormady v. Dinero Land & Cattle Co., L.C., 61 S.W.3d 555, 557 (Tex.App.âSan
Antonio 2001, pet. dismâd w.o.j.). In a forcible detainer proceeding, âthe merits of the title
shall not be adjudicated.â Tex. R. Civ. P. 746. Accordingly, to prevail in a forcible detainer
action, the plaintiff need not prove title but merely present sufficient evidence of ownership
to demonstrate a superior right to immediate possession. Dormady, 61 S.W.3d at 557,
citing Goggins v. Leo, 849 S.W.2d 373, 377 (Tex.App.âHouston [14th Dist.] 1993, no writ). 
Â Â Â Â Â Â Â Â Â Â There may exist in a case, however, a question of title so intertwined with the issue
of possession as to preclude adjudication of the right to possession without first
determining title. In such a case involving a genuine issue of title, neither the justice court
nor the county court on appeal, has jurisdiction.


 Dormady, 61 S.W.3d at 557-58; Mitchell
v. Armstrong Capital Corp., 911 S.W.2d 169, 171 (Tex.App.âHouston [1st Dist.] 1995, writ
denied). Terra contends that it raised title questions that deprived the justice and county
courts of jurisdiction. 
Â Â Â Â Â Â Â Â Â Â We addressed this contention in 2004 in the first of Terraâs appeals arising from the
foreclosure. Terra XXI, Ltd. v. Ag Acceptance Corp., No. 07-04-0325-CV, 2004 WL
2559940 (Tex.App.âAmarillo Nov. 10, 2004, pet. dismâd w.o.j.) (mem. op.). There we cited
Villalon v. Bank One, 176 S.W.3d 66 (Tex.App.âHouston [1st Dist.] 2004, pet. denied),
among other cases, in support of our conclusion Terra had not shown a probable basis for
recovery on the issue of the justice courtâs jurisdiction. Like here, in Villalon the foundation
for the forcible detainer action arose under the terms of a deed of trust, by which, after
foreclosure, the grantor became a tenant at sufferance. Villalon, 176 S.W.3d at 68-69.


 
The grantor there argued that Bank Oneâs failure to comply with a federal debt collection
statute made the foreclosure wrongful, precluding the bankâs enforcement of the tenant at
sufferance language. Id. at 70. The appellate court disagreed, finding the post-foreclosure
tenant at sufferance relationship established by the terms of deed of trust provided a basis
for a determination of the right to immediate possession of the property, apart from a
determination whether the trusteeâs deed should be set aside because of wrongful
foreclosure. Id. at 71. The presence of the wrongful foreclosure issue thus did not
preclude the bankâs pursuit of forcible detainer in the justice court. 
Â Â Â Â Â Â Â Â Â Â Other courts have reached similar conclusions in cases in which forcible detainer
actions were based on tenant at sufferance language in deeds of trust. See Dormady, 61
S.W.3d at 559; Rice v. Pinney, 51 S.W.3d 705 (Tex.App.âDallas 2001, no pet.). The
courts in Rice and Dormady distinguished such situations from that presented in Mitchell,
in which the entitlement to immediate possession depended solely on title to the property
in question under a home improvement note and mechanicâs lien contract. Dormady, 61
S.W.3d at 559; Rice, 51 S.W.3d at 711-12 (both citing Mitchell, 911 S.W.2d at 170). 
Â Â Â Â Â Â Â Â Â Â Having re-examined the question on the record before us in this appeal, we reach
the same conclusion as in our 2004 opinion. The title issues Terra raises are similar in
nature to those raised in Rice. See Rice, 51 S.W.3d at 709-13. They are not so intertwined
with the issue of Ag Acceptanceâs entitlement to immediate possession under its trusteeâs
deed and the terms of the deed of trust as to deprive the justice court of jurisdiction over
the possession issue. We overrule Terraâs first issue. 
Â Â Â Â Â Â Â Â Â Â By its seventh issue, Terra raises another issue it perceives as jurisdictional. It
contends the county court erred by refusing to dismiss the appeal from the justice court
despite what Terra describes as âmotions and pleadingsâ requesting that it do so.


Â Â Â Â Â Â Â Â Â Â Terraâs appellate contention is premised on its assertion that Ag Acceptanceâs
pleadings in the justice court asked for rent in excess of the courtâs jurisdictional amount.


 
Terra asserts the justice court thus lacked jurisdiction over the proceeding. As Ag
Acceptance points out, Terraâs premise is faulty. Ag Acceptanceâs petition for forcible
detainer contained no plea for rent. It plead for attorneyâs fees and costs, in an amount
within the jurisdictional limits of the court. See Tex. Prop. Code Ann. Â§ 24.006 (Vernon
2000). We see nothing about Ag Acceptanceâs pleadings in the justice court that casts
doubt on that courtâs jurisdiction, and we overrule Terraâs seventh issue.
Â Â Â Â Â Â Â Â Â Â Having overruled each of Terraâs issues, we affirm the trial courtâs judgment.



James T. Campbell
Justice

Pirtle, J., dissents.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 






=MsoNormal align=center style='text-align:center'>_______________________________

Â 

Before
QUINN, C.J., and HANCOCK and PIRTLE, JJ.

   This appeal returns to us via the
directive of the Texas Court of Criminal Appeals.Â  It vacated our prior decision and remanded
the cause to enable us to consider the impact, if any, of Kirkpatrick v. State, 279 S.W.3d 324 (Tex. Crim. App. 2009) upon
the dispute.Â  The dispute in question
involved the trial courtÂs jurisdiction over the criminal prosecution, the
sufficiency of the evidence supporting the conviction and the purported illegality
of the punishment levied.Â  We conclude
that Kirkpatrick is indeed
influential and affirm the trial courtÂs judgment.Â  

Background

Appellant
was charged with attempted aggravated assault and plead guilty in exchange for
a recommended sentence of ten years in prison probated for ten years.Â  Subsequently, the State filed a motion to
revoke probation.Â  A hearing was held and
the trial court found that appellant had violated his probation and sentenced
appellant to ten years in prison.Â  

In
reviewing the facts of the case, we note that the record contains a stipulation
of evidence signed by appellant.Â  Through
it, he admitted that on Âthe 25th day of February . . . 2006, . . . [he] did then and there: intentionally, knowingly,
or recklessly attempt to cause serious bodily injury to Norma Marmolego, by striking . . . [her] in the face with a
closed fist.Â[1] (Emphasis added).Â 
Furthermore, a document entitled the ÂPresentment of Complaint and InformationÂ
included in the appellate record described the offense for which appellant was
charged as ÂAttempt to Commit Agg Assault W/Deadly Weapon,
a Felony.ÂÂ  In conjunction with waiving
his right to a jury trial, appellant also signed a document entitled
ÂAdmonition of Rights.ÂÂ  Through it, he
waived Âservice of indictment,Â acknowledged that the range of punishment for
the offense of Âattempt to commit aggravated assault with a deadly weaponÂ was Â2
to 10 YEARS [with] AN OPTIONAL FINE NOT TO EXCEED $10,000 . . . ,Â and
represented that he was entering a guilty plea Âbecause I am guilty of the
offense of Attempt[ing] to Commit AGG ASSAULT
W/DEADLY WEAPON, and for no other reason.Â

Another
instrument appearing of record is appellantÂs written Â. . . Waiver
of Rights to Indictment by a Grand Jury.ÂÂ  It too describes the offense for which he was
being prosecuted as the attempt to commit aggravated assault with a deadly
weapon, and through the same instrument he agreed to Âbe charged . . . by a written information . . . .ÂÂ  That the Âoffense with which [he was] charged
[was] a non-capital felonyÂ was also mentioned in the writing.

We
allude to the foregoing circumstances because the information filed by the
State averred that appellant had Âintentionally, knowingly, or recklessly attempt[ed] to cause bodily injury . . . Â by striking . . . [the victim] in the face
with a closed fist.ÂÂ  Given the absence
from the information of the word ÂseriousÂ before the phrase Âbodily injuryÂ as
well as any allusion to appellantÂs purported use or exhibition of a deadly
weapon, the actual charge it described was nothing more than a
misdemeanor.Â Â  And, therein lies the problem since appellant was convicted of and
punished for committing a felony.Â  Â 

So,
what the Court of Criminal Appeals has effectively done by reversing our prior
decision and directing us to consider the circumstances through its opinion in Kirkpatrick is to require us to determine
if the State really intended to charge appellant with a felony and if appellant
had notice of that.Â  Garza v. State, No.PD-1761-08, 2010,
Tex. Crim. App. Lexis 93 (Tex.
Crim. App. February 10, 2010) (not designated for publication).Â  If the answer to those questions is Âyes,Â then
the district court had jurisdiction over the cause, and the punishment levied
was legal. Â 

Discussion

The
answer to both questions is Âyes.ÂÂ  

The
circumstances in Kirkpatrick were
similar to those before us.Â  The trial
court had convicted Kirkpatrick of a felony while the State simply charged him with
a misdemeanor via the Âindictment.ÂÂ  As noted
by the Court of Criminal Appeals, omitted from the ÂindictmentÂ was Âan element
necessary to charge a felony.Â Kirkpatrick
v. State, 279 S.W.3d at 328-29.Â  Nonetheless, the Court concluded that the
State had intended to charge appellant with a felony and he had notice of that.Â  Id. at 329.Â  And, it
reached that conclusion because 1) the felony offense existed, 2) the
indictment was returned to a Âfelony court,Â 3) the indictment described the
crime as a Â. . . 3rd Degree Felony . . . ,Â 4) the section of the
Penal Code implicated by appellantÂs conduct was stated in the indictment, and
5) that Code section Âwas easily ascertainable.ÂÂ  Id.Â  So, since appellant knew the State intended
to charge him with a felony, the district court had subject-matter jurisdiction
over the proceeding, and appellant was obligated to voice any complaint about
the sufficiency of the charging instrument before the date of trial.Â  Id.Â  Simply put, we are told from Kirkpatrick that if the circumstances
illustrate that the State intended to charge the accused with a felony and the
appellant had notice of that, then the offense charged is actually a
felony.Â  And, it is this test that we
apply here.Â  

While
the charging instrument before us described a misdemeanor, appellant executed
documents alluding to the offense as a Âfelony,Â acknowledging that he was
charged with Âa non-capital felony,Â and stipulating to factual circumstances
constituting the felony offense of attempting to commit aggravated
assault.Â  Thus, we cannot but conclude
that the State intended to charge him with a felony and he knew it.Â  This in turn means that the charge brought
against appellant was a felony, the district court had jurisdiction over the
criminal prosecution, the sentence it levied (that applicable to the felony in
question) was legal, any complaints regarding the sufficiency of the
information could not be considered via an appeal from the decision to revoke
probation, and the evidence was more than sufficient to support the
conviction.Â  

We
overrule the issues and affirm the judgment.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Brian
Quinn

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Â 

Hancock,
J., concurs.

Â 

Â 

Â 

Do not publish.











[1]While most all of the
statement appears to have been printed or typed, the word ÂseriousÂ was
included after the fact via handwriting.Â 
Moreover, several sets of initials appear next to the word.