**DISMISSED and Opinion Filed November 13, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01395-CV

## LINDA K. MCCRARY, Appellant
## V.
## EUSTOLIA P. RIOS AND LEONARDO M. RIOS, Appellees

**On Appeal from the County Court at Law No. 1**
**Hunt County, Texas**
**Trial Court Cause No. CC1800388**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Richter[1], and Justice Rosenberg[2]
Opinion by Justice Rosenberg

Appellees, Eustolia Rios and Leonardo Rios (the Rioses), brought a successful eviction action against Appellant, Linda McCrary (McCrary). In her sole point of error, McCrary appeals the county court at law's adverse final judgment forfeiting the appeal bond. Because McCrary's brief is deficient, we dismiss her appeal.

## BACKGROUND

In July 2018, the Rioses purchased realty (the Property) in which McCrary was living at the time. In August 2018, the Rioses sued for eviction after twice notifying McCrary to vacate the Property. After trial, the justice court entered judgment in favor of the Rioses awarding them possession of the Property. McCrary timely appealed to the county court at law and, as ordered by

---

[1] The Hon. Martin Richter, Justice of the Court of Appeals for the Fifth District of Texas at Dallas, Retired, sitting by assignment.

[2] The Hon. Barbara Rosenberg, Justice of the Court of Appeals for the Fifth District of Texas at Dallas, sitting by assignment.

the justice court, deposited a $500 cash appeal bond. After trial de novo, the county court at law entered a final judgment, findings of fact, and conclusion of law in favor of the Rioses awarding them possession of the Property and forfeiting the $500 bond to them. McCrary appeals the county court at law's forfeiture of the appeal bond.

**DISCUSSION**

Although parties to civil litigation may represent themselves, pro se litigants must adhere to our rules of evidence and procedure, including the appellate rules of procedure. *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). While we do not require rigid adherence regarding the form of a brief, we examine briefs closely for compliance with rules that govern the content of appellate briefs. TEX. R. APP. P. 38.1; *Bolling*, 315 S.W.3d at 895. Our appellate rules require briefs to state concisely the nature, pertinent facts, and argument of their complaint with appropriate citations to legal authorities and the record. TEX. R. APP. P. 38.1 (d), (g), and (i). A brief fails if it lacks supportive citations to the record or to relevant, applicable legal authority. TEX. R. APP. P. 38.1(g), (i); *Bolling*, 315 S.W.3d at 896 (stating references to irrelevant or sweeping legal authority do not comply with the rule). If a brief complies, we submit the appeal for review and decision on the merits; however, if it does not, we may dismiss the appeal. TEX. R. APP. P. 42.3; *Bolling*, 315 S.W.3d at 895-96.

Additionally, an appellant must show reversible error by presenting a sufficient appellate record consisting of a clerk's record and, if necessary, a reporter's record. TEX. R. APP. P. 34.1; *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990). "When an appellant fails to bring a reporter's record, an appellate court must presume the evidence presented was sufficient to support the trial court's order." *Willms v. Americas Tire Co.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied). After providing notice and a reasonable opportunity to cure the absence of a

reporter's record, an appellate court may consider and decide issues that do not require a reporter's record. TEX. R. APP. P. 37.3(c).

We previously notified McCrary that her brief was deficient, in that it lacked both record and legal citations, and ordered her to file an amended brief that complied with Texas Rule of Appellate Procedure 38.1. McCrary's amended brief is also deficient because it is likewise wholly devoid of citations to the record. *See* TEX. R. APP. P. 38.1(g); *Bolling*, 315 S.W.3d. at 896. Although it cites some legal authority, the cited law is irrelevant to the particular arguments McCrary raises on appeal. *See* TEX. R. APP. P. 38.1(i); *Bolling*, 315 S.W.3d at 896. Therefore, McCrary's brief fails to comply with our substantive briefing requirements.

Even if we were to consider the merits of her claim, we would find no reversible error. We ordered this appeal submitted without a reporter's record because, despite our directives, McCrary failed to provide a reporter's record. *See* TEX. R. APP. P. 37.3(c). Thus, we presume the evidence presented supports the county court at law's judgment and we may consider and decide McCrary's sole issue if possible without the record. *See* TEX. R. APP. P. 37.3(c); *Willms*, 190 S.W.3d at 803 (Tex. App.—Dallas 2006, pet. denied).

In her sole point of error, McCrary contends the county court at law erred by forfeiting the $500 bond to the Rioses. A party may appeal a justice court's judgment in an eviction case by filing an appeal bond, cash deposit, or pauper's affidavit with the justice court. TEX. R. CIV. P. 510.9(a). The bond provides an appellee security by guaranteeing the appellant will pay the judgment and court costs if appellant loses. TEX. R. CIV. P. 510.9(b). The county court at law may award the prevailing party recovery up to the full amount of the appeal bond to cover the judgment and costs. TEX. R. CIV. P. 510.9(b), 510.11; *A.V.A. Servs. v. Parts Indus. Corp.*, 949 S.W.2d 852, 854 (Tex. App.—Beaumont 1997, no writ) (citing former TEX. R. CIV. P. 752, now TEX. R. CIV. P. 510.11). There is no error when the "judgment forfeits the full amount of the appeal bond in the

absence of a formal award of damages since the trial court may afford such damages in forcible entry and detainer cases through the forfeiture of the bond." *A.V.A. Servs.*, 949 S.W.2d at 853.

Here, in connection with her appeal, McCrary complied with the justice court's order by filing a $500 cash bond as security for any costs and damages that might be adjudged against her. McCrary insists the county court at law erred by forfeiting the bond to the Rioses because their pleading sought only possession of the Property. Generally, a party must preserve an error for review by making, on the record, a timely request, objection, or motion to the trial court. TEX. R. APP. P. 33.1(a)(1)(A). A claim that the judgment is not supported by the pleadings may not be raised for the first time on appeal. *Longhurst v. Clark*, No. 01-07-00226-CV, 2008 WL 3876175, at *29 n. 17 (Tex. App.—Houston [1st Dist.] Aug. 21, 2008, no pet.) (mem.op.) (finding appellant waived this claim because he failed to raise it at trial). We find no error in the award of the full amount of the bond to the Rioses because they were entitled to it as prevailing parties. *See* TEX. R. CIV. P. 510.9 (b), 510.11; *A.V.A. Servs.*, 949 S.W.2d at 854. Moreover, we have no basis to conclude McCrary preserved this error for review because we lack a reporter's record or statements of facts; therefore, we presume the county court at law was awarding the full amount of the bond as damages. *A.V.A. Servs.*, 949 S.W.2d at 853-54; *see also Bobbit v. Womble*, 708 S.W.2d 558, 561 (Tex. App.—Houston [1st Dist.] 1986, no writ) (affirming forfeiture of entire bond in forcible entry and detainer appeal in the absence of a reporter's record because court assumes "trial court made all necessary findings to support its judgment.").

We conclude McCrary's brief failed to comply with the requirements of our appellate rules, despite being given notice and an opportunity to do so. Regardless, her argument lacks merit. We dismiss her appeal.

Barbara Rosenberg
BARBARA ROSENBERG
JUSTICE, ASSIGNED

181395f.p05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LINDA K. MCCRARY, Appellant

No. 05-18-01395-CV     V.

EUSTOLIA P. RIOS AND LEONARDO
M. RIOS, Appellee

On Appeal from the County Court at Law
No. 1, Hunt County, Texas
Trial Court Cause No. CC1800388.
Opinion delivered by Justice Rosenberg.
Chief Justice Burns and Justice Richter
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee EUSTOLIA P. RIOS AND LEONARDO M. RIOS recover their costs of this appeal from appellant LINDA K. MCCRARY.

Judgment entered this 13th day of November, 2019.