# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00696-CV

**Circle F Investments, LP and Original DFI, LLC, Appellants**

**v.**

**New Braunfels Stewardship Properties, LLC, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF COMAL COUNTY
### NO. 2019CV A0207, THE HONORABLE RANDAL C. GRAY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Circle F Investments, LP (Circle F) and Original DFI, LLC (ODFI) appeal from the trial court's final judgment, following a jury trial, evicting them from property owned by appellee New Braunfels Stewardship Properties, LLC (NBSP) and the trial court's order releasing to NBSP the bond amount that appellants deposited with the county clerk pending their appeal of the initial eviction judgment rendered by the justice court. In six issues on appeal, appellants argue that the trial court erred in (1-4) rendering judgment in favor of NBSP, (5) awarding attorney's fees to NBSP, and (6) releasing to NBSP the bond amount deposited by ODFI. We will dismiss for want of jurisdiction the portions of this appeal related to the issue of possession and otherwise affirm the trial court's judgment and its order releasing funds.

## BACKGROUND

Circle F and ODFI, both operated by local businessman Derrick Flack, were commercial tenants in a property owned by NBSP, with ODFI leasing the "front" of the property and Circle F leasing the "back" of the property. In 2019, NBSP commenced eviction proceedings against each tenant. NBSP alleged that Circle F had defaulted on its commercial lease agreement by failing to pay rent. NBSP alleged that ODFI had defaulted on its commercial lease agreement by "anticipatorily repudiating" the agreement. More specifically, NBSP alleged that the agreement provided that ODFI was "obligated to begin paying rent upon the issuance of a valid permit for the property" but that ODFI had "made statements to [NBSP] indicating [ODFI] was unable to complete the build-out necessary for [ODFI] to obtain the required permit without [NBSP's] agreement to cosign on [ODFI's] loan."

Following a bench trial, the justice court found for NBSP and entered a judgment of eviction against both Circle F and ODFI. Additionally, the justice court ordered ODFI to pay an appeal bond in the amount of $10,000 and monthly rent in the amount of $1,100 as a condition of taking an appeal to the county court at law, and it similarly ordered Circle F to pay an appeal bond in the amount of $10,000 and monthly rent in the amount of $3,675.[1] Both Circle F and ODFI posted those amounts.

Circle F and ODFI each appealed the judgment to the county court at law, and the appeals were consolidated for trial. Prior to trial, the parties agreed and stipulated that the total amount of reasonable and necessary attorney's fees, court costs, and expenses was $65,000, which included "all fees, costs and expenses associated with pursuing this case through entry of

[1] A copy of the justice court's order has not been included in the appellate record. However, the parties do not dispute that these were the amounts included in the justice court's order. *See* Tex. R. App. P. 38.1(g).

2

Final Judgment," and they further agreed that "the reasonable and necessary attorney fees and costs for a direct appeal to the Court of Appeals would be $15,000, if successful."

Following a jury trial, the jury found for NBSP, specifically finding that Circle F "breach[ed] the Back Lease by failing to pay rent according to the terms of the Lease" and that ODFI "breach[ed] the Front Lease by repudiation." The trial court rendered judgment on the verdict, ordering that NBSP be granted possession, and, per the parties' agreement as to attorney's fees made before trial, "recover $65,000 from Defendants, jointly and severally, as reasonable and necessary attorney fees in this matter" and "jointly and severally, $15,000 for a successful defense of this matter in a direct appeal to the Court of Appeals as reasonable and necessary attorney fees."[2] Circle F and ODFI filed a motion for new trial, challenging the jury's findings regarding breach of their respective lease agreements. The trial court denied the motion. In a separate "order releasing funds" that the trial court made after its final judgment on possession, the trial court ordered that the funds currently deposited in the registry of the court, which amounted to $34,325, be released to NBSP. This appeal followed.

## DISCUSSION

### Possession

In their first four issues, appellants assert that the trial court erred by rendering judgment for NBSP on the issue of possession. In their first and second issues, they contend that no evidence or insufficient evidence supports the finding that ODFI anticipatorily repudiated its commercial lease agreement. In their third and fourth issues, they contend that no evidence or insufficient evidence supports the finding that Circle F failed to pay rent.

---

[2] Although Circle F and ODFI agreed to the amount of attorney's fees, no agreement existed that they would be "jointly and severally" liable for those fees.

3

Appellants are appealing a final judgment of a county court at law in an eviction suit, also known as a forcible-detainer suit. "The only issue in a forcible detainer action is the right to actual possession of the premises." *Marshall v. Housing Auth. of San Antonio*, 198 S.W.3d 782, 786 (Tex. 2006). "Eviction suits are designed to provide 'a summary, speedy, and inexpensive remedy for the determination of who is entitled to possession of the premises.'" *Westwood Motorcars, LLC v. Virtuolotry, LLC*, 689 S.W.3d 879, 883 (Tex. 2024) (quoting *McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984)). Accordingly, appellate review is limited. By statute, "[a] final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only." Tex. Prop. Code § 24.007.

It is undisputed that the premises in question in this case were used for commercial and not residential purposes. Thus, the issue of possession of the property may not be appealed to this Court. *See, e.g.*, *Praise Deliverance Church v. Jelinis, LLC*, 536 S.W.3d 849, 855 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) ("On appeal from a forcible-detainer judgment, we have no jurisdiction to review the issue of possession if, as is the case here, the disputed premises were used for commercial purposes."); *West Anderson Plaza v. Feyznia*, 876 S.W.2d 528, 536 (Tex. App.—Austin 1994, no writ) ("In a forcible-detainer action, the issue of possession is not appealable where, as here, the premises are used for commercial purposes."). Moreover, "[t]he prohibition against considering possession includes consideration of any finding 'essential to the issue of,' 'dependent on,' or 'primarily concerned with the issue of' possession." *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 431–32 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citations omitted). This includes the findings that appellants have challenged here regarding their alleged breach of the commercial leases. *See Carlson's Hill*

4

*Country Beverage v. Westinghouse Rd. Joint Venture*, 957 S.W.2d 951, 953 (Tex. App.—Austin 1997, no pet.) ("The court . . . awarded possession to [appellee] because it found that [appellant] had breached the lease agreement. We hold that [appellant's] breach of the lease is merely an element of possession and may not be appealed."). Consequently, we are without jurisdiction to consider the findings related to the breach of the lease agreements, as those findings are essential to the issue of possession in this case. *See id.*; *see also Volume Millwork, Inc. v. West Houston Airport Corp.*, 218 S.W.3d 722, 727 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) ("We have no jurisdiction, therefore, to review either the county court's determination on the issue of landlord's possession of the [property] or any finding by the trial court that is essential to the issue of possession of the [property].").[3]

We overrule appellants' first, second, third, and fourth issues.

**Attorney's Fees**

In their fifth issue, appellants assert that the trial court erred in its award of attorney's fees to NBSP. Appellants are not challenging the amount of attorney's fees awarded, as they agreed and stipulated in the court below that the amount awarded was "reasonable and necessary." Rather, they contend that the award "is inappropriate given that NBSP is not entitled to judgment against either ODFI or Circle F" because appellants did not breach the lease agreements for the reasons discussed in their first four issues; that ODFI and Circle F cannot be held "joint[ly] and severally liable" for attorney's fees because the case against each "involved different leases, different parties, different legal claims, different causes of action, and different

---

[3] As appellees observe, appellants are free to pursue and have in fact pursued claims for wrongful eviction and breach of contract. That suit is currently pending on appeal in this Court. *See New Braunfels Stewardship Props., LLC v. Circle F Invs., LP*, No. 03-24-00282-CV.

defenses"; and that NBSP failed to segregate attorney's fees between recoverable and nonrecoverable claims.

Regarding appellants' complaint that NBSP should not have prevailed in the court below and was not entitled to attorney's fees for that reason, we are unable to review whether NBSP should have prevailed in the court below on the issue of possession, so we are unable to conclude that NBSP was not entitled to attorney's fees as the prevailing party. *See Feyznia*, 876 S.W.2d at 537 ("[B]ecause the issue of possession may not be appealed, there is no way the Landlord could, in this appeal, lose its status as the prevailing and successful party in the forcible-detainer suit."); *Academy Corp. v. Sunwest N.O.P., Inc.*, 853 S.W.2d 833, 834 (Tex. App.—Houston [14th Dist.] 1993, writ denied) ("Appellant also challenged the award of attorney's fees to appellee. . . . Since appellant based his point of error on the merits of possession, we do not have jurisdiction to review the award.").

As for appellants' complaints regarding the trial court holding them jointly and severally liable for attorney's fees and NBSP's failure to segregate attorney's fees, these complaints were not raised in the court below. We agree with NBSP that these complaints may not be raised for the first time on appeal. *See Aero Energy, Inc. v. Circle C Drilling Co.*, 699 S.W.2d 821, 823 (Tex. 1985) ("Because [appellants] did not object to the failure of the trial court to segregate the attorney's fees between the claims, they have waived that point."); *Victory Energy Corp. v. Oz Gas Corp.*, 461 S.W.3d 159, 181 (Tex. App.—El Paso 2014, pet. denied) (concluding that appellants waived error as to joint and several liability when record revealed appellants "did not object either to the judgment which held appellants jointly and severally liable nor was it raised in their motion for new trial"); *Haden v. David J. Sacks, P.C.*, 332 S.W.3d 503, 516 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) ("Settled law, however,

6

holds that a party waives any error arising from possibly awarding nonrecoverable fees when the complaining party does not object to failure to segregate between legal services for which fees are properly recoverable and those for which no recovery of fees is authorized."); *see also Vodicka v. Tobolowsky*, No. 05-17-00727-CV, 2019 WL 1986625, at *4 (Tex. App.—Dallas May 6, 2019, no pet.) (mem. op.) (concluding that although joint-and-several damages award was improper, "[b]ecause the record does not show [appellant] asserted this joint-and-several-damages complaint below, it presents nothing for this Court's review"); *Sanger Bros. v. Corsicana Nat'l Bank*, 87 S.W.737, 740 (Tex. Civ. App. 1905) ("[I]f the judgment is not technically accurate in awarding execution jointly and severally against the appellants named, it is an irregularity, which cannot be availed of for the first time on appeal. . . .").

We overrule appellants' fifth issue.

## Bond

In their sixth issue, appellants assert that the trial court erred in releasing to NBSP the amount that ODFI tendered to the county clerk after the rendition of the judgment in the justice court.[4] They argue that ODFI never possessed the property and thus "[n]othing ODFI did or could have done would or could have deprived NBSP from exercising its rights as owner and from receiving rent from another tenant during the pendency of appeal." They further assert that NBSP made no showing of damages caused by ODFI's appeal and thus were not entitled to release of the bond.

"A party may appeal a judgment in an eviction case by filing a bond . . . ." Tex. R. Civ. P. 510.9(a). This is known as an appeal or supersedeas bond. "The bond or cash deposit

---

[4] Appellants do not challenge the release of the bond amount that Circle F deposited.

must be payable to the appellee and must be conditioned on the appellant's prosecution of its appeal to effect and payment of any judgment and all costs rendered against it on appeal." *Id*. R. 510.9(b). "The justice court judge will set the amount of the bond or cash deposit to include the items enumerated in Rule 510.11." *Id*. Rule 510.11 provides that "[o]n the trial of the case in the county court the appellant or appellee will be permitted to plead, prove and recover his damages, if any, suffered for withholding or defending possession of the premises during the pendency of the appeal." *Id*. R. 510.11. "Damages may include but are not limited to loss of rentals during the pendency of the appeal and attorney fees in the justice and county courts provided, as to attorney fees, that the requirements of Section 24.006 of the Texas Property Code have been met." *Id*. "Only the party prevailing in the county court will be entitled to recover damages against the adverse party." *Id*. "The prevailing party will also be entitled to recover court costs and to recover against the sureties on the appeal bond in cases where the adverse party has executed an appeal bond." *Id*.

"The release of a supersedeas bond is reviewed for abuse of discretion." *Adams v. Godhania*, 635 S.W.3d 454, 457 (Tex. App.—Austin 2021, pet. denied) (citing *Haedge v. Central Tex. Cattlemen's Ass'n*, 603 S.W.3d 824, 827 (Tex. 2020)). "Under an abuse of discretion standard, we defer 'to the trial court's factual determinations if they are supported by evidence,' but review legal determinations de novo." *Haedge*, 603 S.W.3d at 827 (quoting *Stockton v. Offenbach*, 336 S.W.3d 610, 615 (Tex. 2011)). A trial court abuses its discretion "when it renders an arbitrary and unreasonable decision lacking support in the facts or circumstances of the case," or "when it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles." *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011). Appellants, as the parties asserting that the trial court abused its discretion, have "the

8

burden to bring forth a record showing such abuse." *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987). "Absent such a record, the reviewing court must presume that the evidence before the trial judge was adequate to support the decision." *Id.*

In this case, the record reflects that on October 12, 2022, the trial court held a hearing on appellants' motion for new trial and NBSP's motion to release funds. Appellants have failed to provide a transcript of that hearing. Additionally, appellants have failed to provide a copy of the justice court's order setting the amount of the appeal bond and the trial court's order regarding appellants' motion to clarify / modify appellants' rent and bond obligations.[5] On the limited record before us, we are unable to conclude that the trial court abused its discretion by ordering the release of the funds deposited by ODFI. *See A.V.A. Servs., Inc. v. Parts Indus. Corp.*, 949 S.W.2d 852, 854 (Tex. App.—Beaumont 1997, no writ) (explaining that when "there is no statement of facts, no error is shown where the full amount of the bond is forfeited even though the judgment otherwise awards no damages, since it is presumed that the trial court was awarding such damages by means of the bond forfeiture").

We overrule appellants' sixth issue.

**CONCLUSION**

We dismiss for want of jurisdiction the portions of this appeal related to the issue of possession and otherwise affirm the trial court's final judgment and its order releasing funds.

_____

Gisela D. Triana, Justice

---

[5] In its brief, NBSP represents that in that order, the trial court "eliminated any further 'rent obligation' by ODFI" and that "[d]eposits that had been previously made by ODFI for its 'rent obligation' reflected the fact that ODFI had failed to fully vacate the premises."

Before Justices Baker, Triana, and Smith

Dismissed for Want of Jurisdiction in Part; Affirmed in Part

Filed:   October 29, 2024