COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JOHN M. STEVENSON AND ALL OTHER OCCUPANTS, | § | No. 08-10-00305-CV |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| v. | § | County Court at Law Number Two |
| | § | |
| HOUSING AUTHORITY OF THE CITY OF AUSTIN (HACA), | § | of Travis County, Texas |
| | § | (TC#C-1-CV-09-002256) |
| Appellee. | § | |

## **O P I N I O N**

Appellant John M. Stevenson, *pro se* (Stevenson), appeals from an order dismissing his *de novo* trial in a forcible entry and detainer action brought by the Housing Authority of the City of Austin (HACA). We affirm.

## **BACKGROUND**

In October 2005, Stevenson leased an apartment in a public housing community, which is owned and operated by HACA in Austin, Texas. On November 12, 2008, Stevenson was notified that his lease was being terminated due to his failure to pay rent. Stevenson was later notified to vacate the apartment by December 4, 2008.

Stevenson failed to vacate the property and HACA filed a forcible detainer action in the Justice of the Peace Court Precinct No. 1, in Travis County. The justice court rendered judgment on the jury verdict in favor of HACA. Stevenson appealed for a *de novo* trial in county court and filed a pauper's affidavit. *See* TEX. R. CIV. P. 749, 749a.

In March 2009, HACA filed a motion for immediate issuance of writ of possession in county court due to Stevenson's failure to pay rent into the court's registry. *See* TEX. R. CIV. P.

749b. Stevenson removed the case to federal court and a hearing on the motion for writ of possession in the county court was recessed pending further action in federal court. The federal court found removal improper and remanded the case. In April 2009, after a hearing on HACA's motion for immediate issuance of writ of possession, the county court ordered that HACA recover possession and Stevenson be evicted from the premises.[1] Stevenson requested an emergency stay which was denied. The writ of possession was executed on May 6, 2009. On March 29, 2010, HACA moved to dismiss Stevenson's *de novo* trial as moot because his lease had expired. After a hearing, the county court granted HACA's motion and dismissed the case with prejudice. Stevenson now appeals the order of dismissal.

## DISCUSSION

In five issues, Stevenson contends that the county court erred in dismissing his *de novo* trial as moot because: (1) the county court erred by issuing a writ of possession to HACA because he allegedly tendered payment to HACA in accordance with section 24.0053(d) of the Texas Property Code which HACA refused to accept;[2] (2) he continued to pay rent to HACA, thus, his lease was still in full force and effect; (3) the justice court erred by not including the conditions set forth by the jury in its judgment; (4) he was denied due process due to the flawed nature of the justice court's proceedings; and (5) his case is not moot. In a sixth issue, Stevenson asserts that he has a right to seek damages for the fair market value of his lease pursuant to Texas Rule of Civil Procedure 748. We begin by addressing Stevenson's mootness argument.

## MOOTNESS

---

[1] On the day of the hearing, Stevenson was given until 5 p.m. to deposit $860 in back rent and attorney's fees in order to stay in possession of the apartment pending the appeal, but Stevenson failed to meet the deadline. *See* TEX. R. CIV. P. 749b.

[2] The record contains no evidence affirming Stevenson's allegations that he continued to pay rent or tendered payment to HACA.

2

In Issue Five, Stevenson contends that his case is not moot because he involuntarily vacated the apartment, resided in the apartment when the appeal was filed, and asserted a meritorious claim for the right to current and actual possession of the apartment. Citing to *Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006), HACA argues that Stevenson has failed to present a potentially meritorious claim to current, actual possession of the apartment because the issue of possession became moot when the lease expired. We agree.

We are prohibited from deciding moot controversies. *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). A case is moot if a justiciable controversy ceases to exist at any stage of the legal proceedings, including the appeal. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005). In *Marshall*, the Texas Supreme Court held that when a tenant gives up possession, the appeal does not become moot as long as the appellate relief sought is "not futile; that is, so long as she held and asserted a potentially meritorious claim of right to current, actual possession of the apartment." *Marshall*, 198 S.W.3d at 787.

Stevenson attempts to distinguish his case from *Marshall* in order to avoid its application by arguing that he did not voluntarily vacate his apartment and that he resided in the apartment at the time he filed an appeal. However, the Texas Supreme Court held that coupled with her intent to appeal, Marshall's voluntary departure was not dispositive of the question of mootness. *Id*. Rather the question of mootness turned on whether Marshall held and asserted a potentially meritorious claim of a right of possession. *Id*. The Supreme Court held that because Marshall's lease expired, and because she failed to present another basis for claiming a current actual right to possession, the issue of possession became moot when the lease expired. *Id.*

3

Stevenson argues that because he tendered the rent in an amount he calculated under section 24.0053(d) of the Property Code, he holds and asserts a meritorious claim to current, actual possession of the apartment. TEX. PROP. CODE ANN. § 24.0053(d) (West Supp. 2012) (if the tenant objects to the portion of the rent to be paid during the appeal, the tenant is only required to pay the portion claimed to be owed by the tenant until the issue is tried *de novo* in the county court). However, Stevenson's reliance on section 24.0053(d) is misplaced because nothing in the record indicates that his rent has been wholly or partly paid by a government agency or that he even filed a motion to reconsider the amount of rent required to be paid into the court registry. *See* TEX. PROP. CODE ANN. §§ 24.0053(c), (d) (West Supp. 2012). The record contains no evidence affirming Stevenson's allegations that he continued to pay rent or tendered payment to HACA. Stevenson's appellate brief fails to present any other basis for claiming a right to current, actual possession of the apartment. *Marshall*, 198 S.W.3d at 787; *see also Cavazos v. San Antonio Hous. Auth.*, No. 04-09-00659-CV, 2010 WL 2772450, at *1-2 (Tex. App. – San Antonio July 14, 2010, no pet.) (mem. op.).

The record establishes that Stevenson's lease expired in October 2008. Stevenson has not resided in the apartment since his eviction in May 2009, and HACA has leased the apartment at issue to another tenant. Because Stevenson's lease expired and because he presents no basis for claiming a current, actual right to possession of the premises, the issue of possession is moot. *Marshall*, 198 S.W.3d at 787. As such, the county court's order dismissing Stevenson's *de novo* trial was proper. *Id*. Accordingly, we overrule Issue Five.

Where the issue of possession is moot, issues independent of possession are still reviewable on appeal. *Rice v. Pinney*, 51 S.W.3d 705, 707 (Tex. App. – Dallas 2001, no pet.). Here, Issues One, Two, and Six, all relate to the issue of possession; thus, we lack jurisdiction to

4

consider them. *See A.V.A. Servs. v. Parts Indus. Corp.*, 949 S.W.2d 852, 853 (Tex. App. – Beaumont 1997, no writ) (dismissing two points of error involving possession and deciding the merits of other points); *Academy Corp. v. Sunwest N.O.P., Inc.*, 853 S.W.2d 833, 834 (Tex. App. – Houston [14th Dist.] 1993, writ denied) (stating that existence of landlord-tenant relationship is element of possession issue and therefore not reviewable).

In Issue Three, Stevenson contends that the justice court's judgment is without merit and invalid. In Issue Four, Stevenson complains that due to the flawed nature of the proceedings in the justice court, he was denied due process. However, his complaints were rendered moot by the *de novo* trial in the county court. *See Coleman v. Bank of America, Nat. Ass'n*, No. 06-11-00105-CV, 2012 WL 1940674, at *1 (Tex. App. – Texarkana May 30 2012, no pet. h.) (the county court's *de novo* trial rendered the justice court's default judgment moot and appellants' point of error was overruled because it failed to address an act or omission by the county court). Accordingly, Issues Three and Four are overruled.

## CONCLUSION

We affirm the judgment of the trial court.


                                          GUADALUPE RIVERA, Justice
October 31, 2012

Before McClure, C.J., Rivera, J., and Antcliff, J.