

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-11-00320-CV

**JUDITH HOLMES,**

**Appellant**

 **v.**

**SHIRLEY AL JAAFREH,**

**Appellee**

_____

**From the County Court at Law**
**Walker County, Texas**
**Trial Court No. 10598CV**

_____

## MEMORANDUM  OPINION

_____

Shirley Al Jaafreh, as landlord, brought an eviction (forcible detainer) action against Judith Hoce Holmes in justice court on March 22, 2011. The justice court found for Al Jaafreh and awarded her possession. Holmes appealed to the county court, and after a trial de novo on June 28, the county court also ruled for Al Jaafreh. A judgment awarding Al Jaafreh possession was signed on July 13, and it ordered Holmes to vacate the premises no later than July 30.

Holmes filed a notice of appeal, but she did not file a supersedeas bond within

ten days of the judgment.[1]  *See* TEX. PROP. CODE ANN. § 24.007 (West Supp. 2012).

Asserting three issues, Holmes, who is pro se, appeals.  Her three issues are:  (1) the trial court erred in denying Holmes's plea in abatement; (2) Al Jaafreh's first amended petition was untimely filed; and (3) the trial court's alignment of Al Jaafreh as plaintiff in the trial de novo was improper.

In Texas, the procedure to determine the right of possession of real property, if there was no unlawful entry, is the action of forcible detainer. TEX. PROP. CODE ANN. § 24.002 (Vernon 2000).  A forcible detainer action is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property.  *Marshall v. Hous. Auth.*, 198 S.W.3d 782, 787 (Tex. 2006); *see* TEX. PROP. CODE ANN. §§ 24.001-24.011 (Vernon 2000 & Supp. 2009).  Judgment of possession in a forcible detainer action is not intended to be a final determination of whether the eviction is wrongful; rather, it is a determination of the right to immediate possession.  *Marshall*, 198 S.W.3d at 787; *see* TEX. PROP. CODE ANN. § 24.008 (Vernon 2000) (providing that a suit for forcible detainer "does not bar a suit for trespass, damages, waste, rent, or mesne profit").

…

Pursuant to section 24.007 of the Texas Property Code, a judgment of possession in a forcible detainer action may not be stayed pending appeal unless the appellant timely files a supersedeas bond in the amount set by the trial court.  TEX. PROP. CODE ANN. § 24.007 (Vernon 2000).  Thus, if a proper supersedeas bond is not filed, the judgment of possession may be enforced, including issuance of a writ of possession evicting the tenant from the premises.  *Marshall*, 198 S.W.3d at 786.  However, an appellant's failure to supersede the judgment of possession does not divest the appellant of her right to appeal.  *Id.* at 786-87.  But, it may cause her appeal to be moot.  *See id.* at 787.

We are prohibited from deciding moot controversies.  *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999).  A justiciable controversy between the parties must exist at every stage of the legal

---

[1] Al Jaafreh subsequently obtained a writ of possession because Holmes did not vacate the premises. Holmes filed an emergency petition (motion) for temporary injunction, asking us to stay the execution of the writ of possession.  In an unpublished order, we denied Holmes's emergency petition because of her failure to file a supersedeas bond.

proceedings, including the appeal, or the case is moot. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). The Texas Supreme Court has held that even if an appellant gives up possession of the premises after the trial court signs a judgment of possession, the appeal may not be moot so long as (1) the appellant timely and clearly expresses her intent to appeal and (2) the appellate relief requested is "not futile; that is, so long as she held and asserted a potentially meritorious claim of right to current, actual possession of the [premises]." *Marshall*, 198 S.W.3d at 787.

*Cavazos v. San Antonio Hous. Auth.*, No. 04-09-00659-CV, 2010 WL 2772450, at *1-2 (Tex. App.—San Antonio July 14, 2010, no pet.) (mem. op.); *see McElroy v. Teague Hous. Auth.*, No. 10-10-00009-CV, 2012 WL 149227, at *1-2 (Tex. App.—Waco Jan. 18, 2012, no pet.) (mem. op.).

Holmes's brief does not present any basis for claiming a right to current, actual possession of the premises; she does not request possession and acknowledges that she is not requesting possession. None of Holmes's three issues has any bearing on her right to actual possession of the premises. *See, e.g., Pierson v. Reynolds*, No. 14-06-01023-CV, 2007 WL 2447550, at *2 (Tex. App.—Houston [14th Dist.] Aug. 30, 2007, no pet.) (mem. op.) (holding that appellant's issues had no bearing on appellant's right to actual possession); *see also McElroy*, 2012 WL 149227, at *2 n.2 (same). The issue of possession is thus moot. *See Cavazos*, 2010 WL 2772450, at *2 (citing *Marshall*, 198 S.W.3d at 787); *see also McElroy*, 2012 WL 149227, at *2.

"Where the issue of possession is moot, issues independent of possession are still reviewable on appeal." *Stevenson v. Hous. Auth. of City of Austin*, 385 S.W.3d 684, 687 (Tex. App.—El Paso 2012, no pet.) (citing *Rice v. Pinney*, 51 S.W.3d 705, 707 (Tex. App.—Dallas 2001, no pet.)); *see McElroy*, 2012 WL 149227, at *2. Holmes's three issues are not

independent of the right of possession; thus, we lack jurisdiction to consider them. *See Stevenson*, 385 S.W.3d at 687; *cf. McElroy*, 2012 WL 149227, at \*2 (reviewing independent issue of attorney's fees).

Because the issue of possession is moot, we must vacate the county court's judgment of possession. *Cavazos*, 2010 WL 2772450, at \*2 (citing and quoting *Marshall*, 198 S.W.3d at 785) ("We conclude that Marshall's case is moot and that the court of appeals erred in dismissing only the appeal and leaving the trial court's judgment in place."); *see Pierson*, 2007 WL 2447550, at \*2 (citing *Marshall*, 198 S.W.3d at 787 and vacating trial court's judgment); *see also McElroy*, 2012 WL 149227, at \*2.

We vacate as moot the county court's judgment of eviction, and we dismiss this appeal as moot. *See Pierson*, 2007 WL 2447550, at \*2.


REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Judgment vacated and appeal dismissed
Opinion delivered and filed May 30, 2013
[CV06]