

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-18-00024-CV

---

GABRIELLA DENISE ROBERTS, ET AL., Appellants

V.

CITIMORTGAGE, INC., Appellee

---

On Appeal from the County Court at Law No. 1
Angelina County, Texas
Trial Court No. 430-12-CV

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

In the process of buying a residence in Angelina County,[1] Gabriella Denise Roberts borrowed $112,300.00 of the purchase price and secured the loan with a deed of trust on the real property. When Roberts failed to make payments on the loan, CitiMortgage, Inc. (CMI), as successor lender and mortgagee, caused a non-judicial foreclosure sale to occur, purchased the property at the foreclosure sale, and was deeded the property.[2] After CMI purchased the property,[3] it served Roberts with notice demanding that she and any other occupants of the property vacate the property within three days. When Roberts refused to surrender possession of the property, CMI filed a sworn complaint for forcible detainer against Roberts with an appropriate justice of the peace. The justice court issued a judgment of eviction.

Roberts thereafter appealed to the County Court at Law of Angelina County, where she appeared pro se. CMI filed a motion for summary judgment on its forcible detainer claim. The county court at law granted CMI's motion for summary judgment, entered its final judgment awarding CMI the immediate right to possess the subject property, and ordered the clerk to issue

---

[1]Originally appealed to the Twelfth Court of Appeals in Tyler, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]The deed of trust included the following language:

> If the Property is sold pursuant to this section 22, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

[3]The property purchased by CitiMortgage is located at 276 Plantation Drive in Lufkin.

a writ of possession. Roberts did not post a bond to supersede the judgment. A writ of possession was executed March 22, 2018. As of March 22, 2018, the property was vacant.

Roberts, who is pro se, brings three complaints in her appeal: (1) the county court at law did not have jurisdiction, (2) the judgment was not valid, and (3) the county court at law ignored a writ of mandamus from the Twelfth Court of Appeals. CMI claims that this appeal is moot because Roberts no longer possesses the property. Because we find that this appeal is moot, we dismiss the appeal for want of jurisdiction.

CMI has filed a motion to dismiss this appeal as moot because it obtained possession of the subject property pursuant to a writ of possession executed on March 22, 2018. Roberts ceased to have actual possession of the property, and there is no basis for Roberts to assert a meritorious claim of right to current, actual possession of the property. *See Marshall v. Housing Auth. of the City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). We have carefully reviewed the record and Roberts' appellate arguments and conclude that Roberts has not provided any argument or authority to counter CMI's contention that the appeal is moot. Having previously ordered CMI's motion to dismiss as moot be carried with the case, we now conclude that the motion is meritorious and should be granted.

Forcible entry and detainer actions are governed by Chapter 24 of the Texas Property Code. *See* TEX. PROP. CODE ANN. §§ 24.001–.011 (West 2014). They are intended to provide "a summary method for determining the right of a party to the possession of real property." *Bynum v. Lewis*, 393 S.W.3d 916, 919 (Tex. App.—Tyler 2013, no pet.). "The only issue in [such a] case, and the sole question for the trial court, is who has the right to immediate, actual possession of the

3

real property under Chapter 24 of the Texas Property Code." *Melton v. Smith*, No. 12-18-00036-CV, 2018 WL 4214218, at *2 (Tex. App.—Tyler Aug. 22, 2018, no pet.) (mem. op.) (citing TEX. R. CIV. P. 510.1, 510.3(e); *Wells Fargo Bank, N.A. v. Ezell*, 410 S.W.3d 919, 921 (Tex. App.—El Paso 2013, no pet.)).

To prevail in an action for possession, a plaintiff is not required to prove title. Instead, it needs to show only "sufficient evidence of ownership to demonstrate a superior right to immediate possession" of the property. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). Moreover, "[b]ecause a forcible detainer action is not exclusive, but cumulative, of any other remedy that a party may have in the courts of this state, the displaced party is entitled to bring a separate suit in the district court to determine the question of title." *Id*. (citing *Scott v. Hewitt*, 90 S.W.2d 816, 818–19 (Tex. 1936)). If a supersedeas bond in the amount set by the trial court is not filed, the judgment in a forcible detainer action may be enforced, and a writ of possession may be executed evicting the defendant from the premises in question. *See* TEX. PROP. CODE ANN. § 24.007 (West Supp. 2018); TEX. R. CIV. P. 510.13.

We are prohibited from deciding moot controversies. *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). "A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) (citing *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005)). "Generally, an appeal is moot when the court's action on the merits cannot affect the rights of the parties." *VE Corp. v. Ernst & Young*, 860 S.W.2d 83, 84 (Tex. 1993). "If a forcible-detainer defendant fails to supersede the judgment and

4

loses possession of the property, the appeal is moot unless she (1) timely and clearly expressed her intent to appeal and (2) the appellate relief requested is not futile, i.e., 'so long as she held and asserted a potentially meritorious claim of right to current, actual possession of the [property].'" *Brigandi v. Am. Mortg. Inv. Partners Fund I Trust*, No. 02-16-00444-CV, 2017 WL 1428726, at *3 (Tex. App.—Fort Worth Apr. 20, 2017, pet. dism'd) (mem. op.) (alteration in original) (quoting *Marshall*, 198 S.W.3d at 786–87).

Our review of the record indicates that Roberts did not file a supersedeas bond.[4] The judgment has been executed, and CMI has obtained possession of the property under a writ of possession. We must, therefore, determine whether Roberts' contentions on appeal establish a "potentially meritorious claim of right to current, actual possession" of the property. *Marshall*, 198 S.W.3d at 787.

We have carefully reviewed the record and Roberts' brief and conclude that Roberts has failed to demonstrate a potentially meritorious claim of a right to current, actual possession of the premises, unmixed with any issues involving title to the property. None of Roberts' three claims on appeal demonstrate any independent right to actual possession of the premises. The substance of Roberts' arguments intertwine title issues with possession issues. These amount to attacks on the underlying foreclosure process, which attacks are not properly resolved in a forcible detainer

---

[4]When a supersedeas bond in the amount set by the trial court is not filed, the judgment in a forcible-detainer action may be enforced and a writ of possession may be executed. *See* TEX. PROP. CODE ANN. § 24.007; TEX. R. CIV. P. 510.13; *Marshall*, 198 S.W.3d at 786. Although the failure to supersede the judgment does not deny the appellant the right of appeal, such failure may render the appeal moot. *Marshall*, 198 S.W.3d. at 787.

action.[5]  Such claims therefore do not amount to a separate claim of a right to possession.  *See*

*Pierson v. Reynolds*, No. 14-06-01023-CV, 2007 WL 2447550, at \*2 (Tex. App.—Houston [14th

Dist.] Aug. 30, 2007, no pet.) (mem. op.) (holding that appellant's issues had no bearing on

appellant's right to actual possession); *see also Holmes v. Al Jaafreh*, No. 10-11-00320-CV, 2013

WL 2399059, at \*2 (Tex. App.—Waco May 30, 2013, **no pet.**) (mem. op.) (same).  The issue of

possession is thus moot.  *See Marshall*, 198 S.W.3d at 785; *Wilhelm v. Fed. Nat. Mortg. Ass'n*,

349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

"Where the issue of possession is moot, issues independent of possession [but arising from

the possession issue] are still reviewable on appeal."  *Stevenson v. Hous. Auth. of City of Austin*,

385 S.W.3d 684, 687 (Tex. App.—El Paso 2012, no pet.) (citing *Rice v. Pinney*, 51 S.W.3d 705,

707 (Tex. App.—Dallas 2001, no pet.)).  Because Roberts' three issues are not independent of the

---

[5]In its review of Roberts' appeal of her wrongful foreclosure action, our sister court addressed Roberts' argument that the county court at law did not have jurisdiction, explaining that

> [t]he procedure to determine the right to immediate possession of real property, if there was no unlawful entry, is the action of forcible detainer. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.).  A justice court in the precinct in which the real property is located has jurisdiction in eviction suits.  TEX. PROP. CODE ANN. § 24.004(a) (West 2014).  Appeal by the aggrieved party is de novo in the county court.  TEX. R. CIV. P. 510.10.  The displaced party is entitled to bring a separate suit in the district court to determine the question of title.  *Rice*, 51 S.W.3d at 709.  The legislature contemplated concurrent actions in the district and justice courts to resolve issues of title and immediate possession, respectively.  *Id.* at 710.  Where the right to immediate possession necessarily requires resolution of a title dispute, the justice and county courts have no jurisdiction to enter a judgment and may be enjoined from doing so.  *Id.* at 709.  However, where there is an independent basis on which the justice or county court could determine the issue of immediate possession without resolving the issue of title, that court retains jurisdiction.  *Id.* at 712.

*Roberts v. Montalvo*, No. 12-17-00205-CV, 2018 WL 3196582, at \*3 (Tex. App.—Tyler Jun. 29, 2018, no pet.) (mem. op.).  The Tyler Court of Appeals determined that, because the issue of possession was decided independent of a title issue in the county court at law, the county court at law had jurisdiction to hear the forcible entry and detainer suit. *Id.*

right of possession, we lack jurisdiction to consider them. *See Stevenson*, 385 S.W.3d at 687; *cf. McElroy v. Teague Housing Auth.*, No. 10-10-00009-CV, 2012 WL 149227, at *2 (Tex. App.—Waco Jan. 18, 2012, no pet.) (mem. op.) (reviewing independent issue of attorney fees).

The Court, having considered CMI's motion to dismiss this appeal, the record, and the parties' briefs, concludes that the motion to dismiss is well taken.

We, therefore, dismiss this appeal as moot.


Josh R. Morriss, III
Chief Justice

Date Submitted:     October 15, 2018
Date Decided:       November 8, 2018