**Affirmed and Memorandum Opinion filed June 16, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00273-CV

---

### AKBAR HOSSAIN AND ALL OCCUPANTS, Appellants

### V.

### FEDERAL NATIONAL MORTGAGE ASSOCIATION A/K/A FANNIE MAE, Appellee

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1043008**

---

## M E M O R A N D U M   O P I N I O N

Appellants Akbar Hossain and all other occupants of a residence appeal from a judgment granting possession of their residence to a foreclosure-sale purchaser, appellee Federal National Mortgage Association ("Fannie Mae"). In their sole issue, appellants argue the County Court at Law lacked subject-matter jurisdiction over Fannie Mae's forcible detainer suit because the issues of possession and title were so intertwined that possession could not be adjudicated

without first determining title. We hold the county court did not err because there was no issue of title so intertwined with immediate possession as to divest the court of subject-matter jurisdiction. We therefore affirm its judgment.

## BACKGROUND

This appeal stems from a forcible detainer action. Fannie Mae purchased the property at issue in a non-judicial foreclosure sale. Fannie Mae then sent appellants a notice to vacate the premises. When appellants did not surrender possession, Fannie Mae filed a petition for forcible detainer in the justice court. Appellants filed an original answer containing a general denial. They also filed a motion to abate pending resolution of a separate proceeding in state district court in which appellants alleged wrongful foreclosure, breach of contract, and violations of the Texas Property Code and Insurance Code. The justice court granted possession to Fannie Mae, and appellants appealed that decision to the county court at law for trial de novo.

At trial, three exhibits were admitted into evidence. Exhibit one was the substitute trustee's deed. It demonstrated that Fannie Mae purchased the property at the foreclosure sale. The deed of trust was admitted as exhibit two. Section 22 of the deed of trust delineates the terms under which the lender may invoke the power of sale, and it contains a tenant at sufferance clause. The clause provides:

> If the Property is sold pursuant to this Section 22, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

The third exhibit included (1) a copy of the notice to vacate, and (2) a business records affidavit declaring that the notice to vacate was sent to appellants via

2

certified mail, return receipt requested, and regular mail with postage prepaid. The court granted possession to Fannie Mae. This appeal followed.

ANALYSIS

In their sole issue, appellants argue that the county court at law erred in granting immediate possession to Fannie Mae. Appellants assert that the issue of possession is intertwined with title such that possession may not be adjudicated without first determining title.

## I. Standard of review and applicable law

Whether a court has subject-matter jurisdiction is a question of law reviewed de novo. *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 476 (Tex. 2012). Jurisdiction to hear a forcible detainer action is vested in the justice court of the precinct where the property is located and, on appeal, in the county court at law for trial de novo. *See* Tex. Prop. Code Ann. § 24.004 (West 2014); Tex. R. Civ. P. 506.1, 506.3. Notwithstanding the grant of general jurisdiction to a county court at law, in an appeal of a forcible detainer judgment, the county court is confined to the jurisdictional limits of the justice court. *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

A forcible detainer action addresses only the right to immediate possession of the property, not the merits of title to the property. *See* Tex. R. Civ. P. 510.1; *Maxwell v. U.S. Bank Nat'l Ass'n,* No. 14–12–00209–CV, 2013 WL 3580621, at *2 (Tex. App.—Houston [14th Dist.] July 11, 2013, pet. dism'd w.o.j.) (mem. op.). Forcible detainer occurs when a person refuses to surrender possession of real property upon a statutorily sufficient demand for possession if that person is a tenant at will or by sufferance. *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 445 (Tex. App.—Houston [1st Dist.] 2006, pet. denied); *see also* Tex. Prop. Code Ann. § 24.002(a)(2) (West 2014).

3

Justice courts have jurisdiction to hear forcible detainer suits in which the right to immediate possession does not necessarily require the resolution of a title dispute. *Salaymeh*, 264 S.W.3d at 435. Justice courts are expressly denied jurisdiction to determine or adjudicate title to land. *Rice v. Pinney*, 51 S.W.3d 705, 708 (Tex. App.—Dallas 2001, no pet.); *see also* Tex. Gov't Code Ann. § 27.031(b)(4) (West 2004). Therefore, plaintiffs in forcible detainer actions must be able to "show sufficient evidence of ownership to demonstrate a superior right to immediate possession" without relying on title. *Goggins v. Leo*, 849 S.W.2d 373, 377 (Tex. App.—Houston [14th Dist.] 1993, no writ).

The mere existence of a title dispute will not deprive the justice court of its jurisdiction. *Rice,* 51 S.W.3d at 713.In order to defeat jurisdiction, the title issue must be "so integrally linked to the issue of possession that possession may not be determined without first determining title." *Falcon v. Ensignia,* 976 S.W.2d 336, 338 (Tex. App.—Corpus Christi 1998, no pet.). Otherwise, title issues must be brought in a separate suit in a district court, "even if the other action involves adjudication of matters that could result in a different determination of possession from the decision rendered in the forcible detainer suit." *Salaymeh,* 264 S.W.3d at 436.

Where there is a basis for determining immediate possession independent from title, the justice court will have jurisdiction to hear the forcible detainer action. *Rice,* 51 S.W.3d at 712. If a deed of trust provides that in the event of foreclosure, the previous owner will become a tenant at sufferance if he does not surrender possession, the trial court can resolve possession without resort to title. *Salaymeh,* 264 S.W.3d at 436. In such cases, the need to introduce the deed of trust in order to prove the landlord-tenant relationship does not affect the justice (or county) court's jurisdiction because "the validity of the title so developed is not in

4

issue." *Haith v. Drake,* 596 S.W.2d 194, 197 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *see also Acad. Corp. v. Sunwest N.O.P., Inc.,* 853 S.W.2d 833, 834 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (concluding that proof of landlord-tenant relationship is element of forcible detainer action, not jurisdictional requirement). The alleged landlord-tenant relationship suffices as a basis for the forcible detainer action even though the deed of trust may later be set aside for wrongful foreclosure or other reasons. *Villalon v. Bank One*, 176 S.W.3d 66, 71 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (citing *Dormady v. Dinero Land & Cattle Co.*, 61 S.W .3d 555, 559 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.)).

## II. The trial court did not err in granting possession to Fannie Mae because the issue of possession may be determined without first determining title.

In this case, Fannie Mae introduced sufficient evidence to establish a superior right to possession of the residence without relying upon resolution of the title issue. Fannie Mae presented the Substitute Trustee's Deed showing it purchased the property at the foreclosure sale, the Deed of Trust containing a tenant at sufferance clause, the notice to vacate, and the business records affidavit asserting the notice was sent to appellants.[1]

Appellants assert that Fannie Mae claims its right to possession based on an "illegal, wrongful" foreclosure sale that was in breach of the parties' contract and thus did not pass valid title. In particular, appellants point to the petition in their district court case, which includes allegations of breach of contract and wrongful foreclosure. Appellants also contend that that there is no proof of any landlord-tenant relationship in this case, and that even if there was, the breach of contract

---

[1] Appellants do not challenge the sufficiency of the notice.

5

and wrongful foreclosure would not allow enforcement of any provision creating such a relationship because there would have been no actual foreclosure to invoke the provision.

Appellants' arguments fail given the tenancy at sufferance clause contained in the deed of trust. Although appellants have shown that a title dispute exists, they have not demonstrated that the dispute is intertwined with the issue of immediate possession. The issue in forcible detainer suits is not whether a valid title could pass when a wrongful foreclosure sale occurs. The determination of wrongful foreclosure is independent of the county court's determination of immediate possession in forcible detainer suits. *See Villalon*, 176 S.W.3d at 71. Courts of appeals consistently have allowed forcible detainer actions to proceed based on a tenancy at sufferance clause in a deed of trust without regard to whether the party seeking possession complied with the terms of the deed of trust. *See, e.g.*, *Dormady*, 61 S.W.3d at 557–58; *Rice*, 51 S.W.3d at 711–12. Challenges to the validity of the sale thus do not deprive the justice or county courts of jurisdiction. *Elwell v. Countrywide Home Loans, Inc.*, 267 S.W.3d 566, 569 (Tex. App.—Dallas 2008, pet. dism'd w.o.j.); *see also Dormady*, 61 S.W.3d at 556–58 (addressing deed of trust creating tenancy at sufferance when property "is sold under this deed," and concluding dispute whether sale complied with deed of trust was "of no consequence" to issue of immediate possession); *Rice*, 51 S.W.3d at 707, 711 (discussing deed of trust creating tenancy at sufferance when property is "sold under this [deed]," and holding that challenge to validity of foreclosure sale in district court did not preclude forcible detainer suit in justice court).

Appellants cite several cases in arguing that the issue of title is inextricably intertwined with possession.[2] But those cases are distinguishable because none

---

[2] Among the cases cited by appellants are *Mitchell v. Armstrong Capital Corp.*, 911

6

involved a deed of trust containing a tenant at sufferance clause, as this case does.

Appellants also attempt to distinguish *Rice*, arguing that the purchaser at the foreclosure sale in that case presented evidence and documents establishing the default on the note, a notice of eviction, foreclosure pursuant to the deed of trust, and the sale of the property. *See* 51 S.W.3d at 711. Appellants contend that the evidence in this case is insufficient because Fannie Mae presented only the deed of trust, not evidence that the foreclosure sale was valid or that appellants were in default. But the three exhibits that Fannie May did introduce, including the deed of trust and the substitute deed of trust, are sufficient to establish its superior right to immediate possession of the property. Fannie Mae was not required to present evidence demonstrating the legitimacy of the foreclosure sale or the appellants' default. *See Dormady*, 61. S.W.3d at 558 ("Dormady claims that *Hewitt* is distinguishable because in that case the evidence showed that the trustee sold the property in question 'in compliance with the terms embodied in the deed of trust,' while in the instant case Dormady claims the trustee did not comply with the terms of the deed of trust when posting the property for foreclosure. This distinction is of no consequence, however.").

In the event we conclude (as we have) that the issues of title and possession are not inextricably intertwined, appellants ask for alternative relief. Specifically, appellants request that we reverse the county court's ruling, return the property to their possession, and direct the forcible detainer matter to be adjudicated alongside the title action to ensure uniform rulings and avoid inconsistent results. It is well established, however, that forcible detainer actions may be brought and prosecuted separately from suits to try title in district court. *Rice*, 51 S.W.3d at 709. Thus,

S.W.2d 169, 171 (Tex. App.—Houston [1st Dist.] 1995, writ denied); *Rodriguez v. Sullivan*, 484 S.W.2d 592, 593 (Tex. Civ. App.—El Paso 1972, no writ); and *American Spiritualist Association v. Ravkind*, 313 S.W.2d 121, 124–25 (Tex. Civ. App.—Dallas 1958, writ ref'd n.r.e.).

7

appellants have not established their right to the relief they seek. We overrule appellants' sole issue.

## CONCLUSION

Having overruled appellants' sole issue, we affirm the judgment of the county court.

/s/        J. Brett Busby
                    Justice

Panel consists of Justices Jamison, Busby, and Brown.