**Opinion issued March 28, 2019**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00103-CV

_____

**MIDWAY CC VENTURE I LP, Appellant**

**V.**

**O&V VENTURES LLC, Appellee**

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1096804**

---

## MEMORANDUM OPINION

Appellant, Midway CC Venture I LP ("Midway"), challenges the county court's judgment, entered after a jury trial, in favor of appellee, O&V Ventures LLC ("Olive & Vine"), for possession of real property in its forcible-detainer action. In two issues, Midway contends that the county court erred in entering

judgment in favor of Olive & Vine for the right to immediate possession of the premises at issue.

We dismiss this appeal for lack of jurisdiction.

## Background

This case arises out of a forcible-detainer action filed by Midway in the Justice Court of Harris County, Texas, Precinct 5, Place 2, seeking possession of the commercial premises located at 799 Town & Country Boulevard, Suite 143, Houston, Harris County, Texas 77024 (the "Premises"). The justice court entered judgment granting Midway immediate possession of the Premises.

Olive & Vine appealed the justice court's judgment to the Harris County Civil Court at Law No. 1, where the case was tried before a jury. The sole issue submitted to the jury was which party had the superior right to immediate possession of the Premises. The jury returned a verdict in favor of Olive & Vine.

Midway filed a Motion for Judgment Notwithstanding the Verdict, arguing that the jury's finding that Olive & Vine was entitled to immediate possession of the Premises was "factually insufficient and legally unsupportable by the evidence and applicable laws."

The county court entered judgment awarding Olive & Vine: (1) immediate possession of the Premises, pursuant to the jury's verdict; (2) $32,000.00 in attorney's fees, an amount to which the parties stipulated was "a fair and

reasonable amount for attorney['s] fees for both sides"; and (3) costs and post-judgment interest.

## No Jurisdiction to Review Possession

In its appellee's brief, Olive & Vine argues that we lack jurisdiction over Midway's appeal, pursuant to section 24.007 of the Texas Property Code,[1] because we cannot review a county court's final judgment on the issue of possession of commercial property. Midway did not address jurisdiction in its appellant's brief. And it did not file a reply brief, nor was it required to do so, in response to Olive & Vine's arguments in its appellee's brief. *See* TEX. R. APP. P. 38.3 (explaining appellant "*may* file a reply brief addressing any matter in the appellee's brief" (emphasis added)), 38.6(c) (explaining that reply brief, "if *any*, must be filed within 20 days after the date the appellee's brief was filed" (emphasis added)).

In eviction proceedings, our jurisdiction is limited by section 24.007 of the Texas Property Code, which provides:

> A final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only.

TEX. PROP. CODE ANN. § 24.007. Therefore, on appeal from a forcible-detainer judgment in a county court,[2] we have no jurisdiction to review the issue of

---

[1]    TEX. PROP. CODE ANN. § 24.007.

[2]    A forcible-detainer action is an eviction suit. *See*, *e.g.*, *Bynane v. Guzman*, No. 01-16-00356-CV, 2017 WL 1089774, at *1 (Tex. App.—Houston [1st Dist.] Mar.

possession if, as is the case here, the disputed premises were used for commercial purposes. *Id.*; *see also*, *e.g.*, *Praise Deliverance Church v. Jelinis, LLC*, 536 S.W.3d 849, 855 (Tex. App.—Houston [1st Dist.] 2017, pet. denied); *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 431–32 (Tex. App.—Houston [1st Dist.] 2007, no pet.). There is no dispute that the Premises at issue in this case were used solely for commercial purposes. "The prohibition against considering possession includes consideration of any finding 'essential to the issue of,' 'dependent on,' or 'primarily concerned with the issue of' possession." *Praise Deliverance Church*, 536 S.W.3d at 855 (quoting *Hong Kong*, 229 S.W.3d at 431–32).

In this case, the only issue presented to the jury for consideration was which party was entitled to immediate possession of the Premises. And both of Midway's issues on appeal are related to the county court's ultimate determination of possession. In its first issue, Midway argues that the county court "erred in awarding Olive & Vine possession and attorneys' fees[] because Midway conclusively established that it was impossible for it to deliver" the Premises by the date agreed upon in the lease. Thus, on its face, this first issue concerns the

---

23, 2017, no pet.) (explaining "an eviction suit" is "otherwise known as a forcible-detainer action"); *see also Eviction*, BLACK'S LAW DICTIONARY (10th ed. 2014) ("process of legal dispossessing a person of land or rental property"); *Forcible entry and detainer*, BLACK'S LAW DICTIONARY (10th ed. 2014) ("A quick and simple legal proceeding for regaining possession of real property from someone who has wrongfully taken, or refused to surrender, possession.").

determination of possession. And Midway's challenge to the county court's attorney's fees award is entirely based on the merits of its arguments regarding possession, not the sufficiency of the evidence to support the amount awarded. For this reason, we lack jurisdiction to consider the attorney's fee award portion of Midway's first issue as well. *See Acad. Corp. v. Sunwest N.O.P., Inc.*, 853 S.W.2d 833, 834 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (explaining court did not have jurisdiction to review attorney's fee award because appellant based point of error regarding attorney's fees on "merits of possession"). Besides, the record reflects that the parties stipulated that $32,000 is a reasonable amount of attorney's fees to award for either party, regardless of which one prevailed at trial.

In its second issue, Midway argues that it was excused from its obligation to deliver the leased Premises by the agreed-upon date in the parties' lease. Although Midway does not use the word "possession" in describing this issue, the arguments presented by this issue only dispute the county court's ultimate award of possession of the Premises to Olive & Vine, and, thus, "primarily concern[] . . . the issue of possession." *Praise Deliverance Church*, 536 S.W.3d at 855 (internal quotations omitted). Further, Midway specifically requests that this Court "issue an opinion and judgment reversing the [county] court's judgment of possession, award possession to Midway, and award Midway its trial and appellate attorneys' fees." We also note that the record reveals that Midway, in the county court,

acknowledged that "there is no ability to appeal a judgment of a county court in a commercial eviction."

Accordingly, we hold that we lack jurisdiction to consider the issues presented in Midway's appeal. *See* TEX. PROP. CODE ANN. § 24.007; *Praise Deliverance Church*, 536 S.W.3d at 856 (dismissing issues raised by party concerning commercial property and county court's ultimate determination of possession in forcible-detainer action).

We dismiss Midway's appeal for lack of jurisdiction.

## Frivolous Appeal

In appellee's brief, Olive & Vine requests that this Court impose sanctions on Midway for knowingly filing a frivolous appeal. *See* TEX. R. APP. P. 45 (damages for frivolous appeal in civil cases).

After considering the record, briefs, and other papers filed in this Court, we may award a prevailing party "just damages" if we objectively determine that an appeal is frivolous. *Id.*; *see also Smith v. Brown*, 51 S.W.3d 376, 380–81 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). An appeal is frivolous when the record, viewed from the perspective of the advocate, does not provide reasonable grounds for the advocate to believe that his case could be reversed. *Smith*, 51 S.W.3d at 381. The decision to grant appellate sanctions is a matter of discretion that an appellate court exercises with prudence and caution and only after careful

deliberation. *Id.* Notably, Texas Rule of Appellate Procedure 45 does not require the Court to award just damages in every case in which an appeal is frivolous. *Woods v. Kenner*, 501 S.W.3d 185, 198 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).

After a review of the record, briefing, and other papers filed in this Court, we deny Olive & Vine's request for damages. *See* TEX. R. APP. P. 45.

## Conclusion

We dismiss Midway's appeal for lack of jurisdiction.


Julie Countiss
Justice

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.