# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-18-00371-CV

---

**Ellen L. Adams and Steven Adams, Appellants**

**v.**

**Bhavna Godhania and Vikas Godhania, Appellees**

---

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-18-001092, THE HONORABLE TODD T. WONG, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Ellen L. and Steven Adams appeal a trial court judgment in a forcible detainer action awarding Bhavna and Vikas Godhania possession of residential real property. We will affirm the county court at law's judgment.

### BACKGROUND

In 2006, the Adamses purchased a home at 3101 Welton Cliff Drive in Cedar Park by executing an $825,000 promissory note secured by a deed of trust in favor of Countrywide Bank, N.A., and Countrywide's successors and assigns.[1] Bank of America, N.A. has serviced the note and deed since 2006 for the benefit of the WMALT 2007-OA1 Trust (the

---

[1] The Adamses initially also had a second lien on the home for $165,000, which Mr. Adams testified was forgiven when Bank of America became a successor to Countrywide.

Trust),[2] and the Adamses have always been directed to make payments to Bank of America. The Adamses have continuously occupied the home since purchasing it. Around June 2009, the Adamses stopped paying on the note and also stopped paying the taxes, insurance, and homeowners association fees on the property.

In November 2011, the note was accelerated, and the deed of trust was foreclosed in January 2012. *See Adams v. Bank of Am., N.A.*, No. A-12-CA-366-SS, 2013 U.S. Dist. LEXIS 201206 at *18 (W.D. Tex. June 7, 2013) (ordering that Plaintiff Steven Lee Adams take nothing in suit for wrongful foreclosure), *aff'd*, 570 Fed. App'x 375 (5th Cir. 2014) (per curiam). The deed of trust provides that upon sale of the property following acceleration:

> Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

Bank of America acquired the home at the foreclosure sale for the benefit of the Trust pursuant to a substitute trustee's deed. Bank of America later assigned to trustee U.S. Bank all of Bank of America's interests under the original deed of trust. Mr. Adams testified that the Adamses remained in the home in the hopes that they would be able to work out a loan modification, even after the foreclosure. Shortly after the foreclosure, Bank of America attempted to evict the Adamses but did not succeed. Bank of America filed another eviction proceeding against the Adamses in 2016. The Adamses prevailed in justice court, but Bank of America prevailed on appeal in the county court at law. The Adamses appealed to this Court. While that appeal was

---

[2] The Loan is owned by the WMALT 2007-OA1 Trust; the deed of trust has been owned by Bank of America since 2011 for the benefit of the Trust. The trustee is U.S. Bank.

pending, in November 2017, Bank of America sold the property at auction to the Ghodanias, who acquired title to the property pursuant to a special warranty deed. The then-pending appeal was dismissed by agreement of the parties, and the trial court's judgment was vacated and dismissed without prejudice. *See Adams v. Bank of Am., N.S.*, No. 14-17-00578-CV, 2018 Tex. App. LEXIS 817 (Tex. App.—Houston [14th Dist.] Jan. 30, 2018, no pet.) (per curiam) (mem. op.). In December 2017, the Ghodanias sent the Adamses a notice to vacate the home. The Adamses refused to vacate the home, so the Ghodanias filed the underlying forcible detainer action and prevailed before the justice of the peace and on appeal to the county court at law. The Adamses again appeal to this Court.

## ANALYSIS

A forcible detainer is a procedure to determine the right to immediate possession of real property where there is no unlawful entry. *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 926 (Tex. App.—Dallas 2010, no pet.). It is intended to be a speedy, inexpensive, summary procedure for obtaining possession without resorting to a suit on the title. *Id.* at 926-27 (citing *Scott v. Hewitt*, 90 S.W.2d 816, 818-19 (Tex. 1936)). To prevail in a forcible detainer action, a party must only show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *See Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.); *see also* Tex. R. Civ. P. 510.3(e) ("The court must adjudicate the right to actual possession and not title."). A forcible detainer action will lie when a person in possession of real property refuses to surrender possession on demand if the person "is a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease." Tex. Prop. Code § 24.002(a)(2). The Adamses argue that (1) the Ghodanias cannot prevail in a

3

forcible detainer action against the Adamses because there is no landlord-tenant relationship between the parties and (2) the forcible detainer suit is barred by the statute of limitations. We will address the statute-of-limitations issue first.

***Forcible detainer statute of limitations***

The Adamses contend that this forcible detainer action is subject to the four-year statute of limitations found in section 16.035(a) of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 16.035(a) ("A person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues."). Although section 16.035(a) applies to foreclosures and recovery of real property under a real property lien, it does not apply to forcible detainer actions. The statute of limitations for forcible detainer actions is the two-year statute found in section 16.003(a): "a person must bring suit for . . . forcible detainer not later than two years after the day the cause of action accrues." *Id.* § 16.003(a). This Court has consistently held that a forcible detainer action accrues each time a person refuses to surrender possession of property after receiving a notice to vacate. *See Standiford v. CitiMortgage, Inc.*, No. 03-15-00625-CV, 2016 Tex. App. LEXIS 8318, at *4 (Tex. App.—Austin Aug. 4, 2016, pet. dism'd) (mem. op.); *Custer v. Wells Fargo Bank, N.A.*, No. 03-15-00362-CV, 2016 Tex. App. LEXIS 2840, at *7 (Tex. App.—Austin Mar. 18, 2016, pet. dism'd) (mem. op.); *Montenegro v. Wells Fargo Bank, N.A.*, No. 03-13-00123-CV, 2015 Tex. App. LEXIS 5563, at *11 (Tex. App.—Austin June 3, 2015, pet. dism'd) (mem. op.); *Massaad v. Wells Fargo Bank, Nat'l Ass'n*, No. 03-14-00202-CV, 2015 Tex. App. LEXIS 896, *4 (Tex. App.—Austin Jan. 30, 2015, no pet.) (mem. op.) ("Each refusal to surrender possession of real property on written demand for

4

possession constitutes a new forcible detainer.").  In this case, the Adamses refused to surrender possession after receiving notice to vacate in December 2017, and the two-year period from that time has not yet expired. Accordingly, the Ghodanias' forcible detainer suit is not time barred. We overrule the Adamses' issue related to the statute of limitations for a suit for forcible detainer.

### *Landlord-Tenant Relationship*

In a forcible detainer action, a landlord-tenant relationship must exist between the parties disputing who has the superior right to possession of the property.  *See* Tex. Prop. Code §§ 24.002, .005; *Academy Corp. v. Sunwest N.O.P., Inc.*, 853 S.W.2d 833, 833-34 (Tex. App.— Houston [14th Dist.] 1993, writ denied).  The Adamses insist that the Ghodanias are not landlords and therefore cannot comply with Property Code section 24.005's requirement that the "landlord" provide a tenant "written notice to vacate the premises before the landlord files a forcible detainer suit." Tex. Prop. Code § 24.005(b).  In executing the deed of trust that provided for the Adamses to become "tenant[s] at sufferance" who "may be removed by writ of possession or other court proceeding," the Adamses agreed that upon default, foreclosure, and sale, a landlord and tenant-at-sufferance relationship would be established between the Adamses and the purchasers, who, in this case, are the Ghodanias.  By defaulting on the payments resulting in the foreclosure and sale of their property, the Adamses became tenants at sufferance according to the deed of trust they executed.  However, the Adamses contend that the Ghodanias cannot rely on the deed of trust to establish a landlord-tenant relationship for the following reasons: (1) the deed of trust's provisions, including the clause defining the Adamses as tenants at sufferance, are "void" because actions related to the deed of trust are subject to a four-year

5

statute of limitations that expired; (2) the doctrine of merger precludes reliance on the deed of trust because the substitute deed of trust has no language creating a landlord-tenant relationship; and (3) Bank of America's assignment of the deed of trust to the trustee precluded Bank of America from selling the property to the Ghodanias under the special warranty deed.

First, the Adamses argue that the statute of limitations found in Civil Practice and Remedies Code section 16.035(d) creates an expiration date for the deed of trust that voids the deed after four years from when an action under the deed accrued. *See* Tex. Civ. Prac. & Rem. Code § 16.035(d) ("On the expiration of the four-year limitations period, the real property lien and a power of sale to enforce the real property lien become void."). The Adamses assert that because the foreclosure sale occurred in 2012, the four-year statute of limitations expired and the deed of trust became void in 2016. They contend that, as a result, they can no longer be considered tenants at sufferance based on the language of the void deed of trust. However, the statute of limitations in section 16.035(d) applies to a suit to foreclose on a deed of trust; it does not affect the validity of a deed of trust following a timely foreclosure. *See Metcalf v. Wilmington Savs. Fund Soc'y, FSB*, No. 03-16-00795-CV, 2017 Tex. App. LEXIS 2627, at *13 (Tex. App.—Austin Mar. 29, 2017, pet. denied) (mem. op.) (deed of trust did not become void pursuant to section 16.035(d) when a suit for foreclosure of a real property lien was filed not later than four years after the cause of action accrued). Therefore, the statute of limitations found in section 16.035 did not void the deed of trust.

Second, the doctrine of merger does not prevent the Ghodanias from relying on the deed of trust to show that the Adamses are tenants at sufferance. The substitute trustee's deed by which Bank of America acquired the property following the foreclosure sale shows that the foreclosure sale was subject to the original deed of trust. *Cf. Bierwirth v. Federal Nat'l*

6

*Mortg. Ass'n*, 03-12-00271-CV, 2014 Tex. App. LEXIS 2242, at *7-10 (Tex. App.—Austin Feb. 27, 2014, no pet.) (mem. op.) (describing foreclosure under which the substitute trustee's deed showed the property was purchased under the terms of a deed of trust). Thus, the terms of the deed of trust designating the Adamses as tenants at sufferance remained effective.

Third, in challenging Bank of America's assignment of the deed of trust to the trustee, the Adamses are challenging the validity of the sale to the Ghodanias; this is a challenge to the title, not possession, of the property. *See Elwell v. Countrywide Home Loans, Inc.*, 267 S.W.3d 566, 568 (Tex. App.—Dallas 2008, pet. dism'd w.o.j.) (rejecting an attempt to use a title dispute to defend against a purchaser's right to possession in a forcible detainer action). In his testimony, Mr. Adams suggested that he and Mrs. Adams would pursue a separate suit challenging the title to the property, but that they had "not filed the defective title lawsuit yet." Where a foreclosure under a deed of trust establishes a landlord and tenant-at-sufferance relationship between the parties, there is an independent basis to determine the issue of immediate possession without resolving any issue of title to the property. *Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 199-200 (Tex. App.—Dallas 2011, pet. dism'd). This is so even if a party alleges defects in the sale of the property, as "[a]ny defects in the foreclosure process or with the purchaser's title may not be considered in a forcible detainer action." *Id*.; *Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.). Because foreclosure under the deed of trust created a landlord and tenant-at-sufferance relationship between the parties, it is not necessary to resolve any alleged title dispute to determine the right of immediate possession, and this title issue is not properly before us. *See Williams*, 315 S.W.3d at 926-27 (title defects are "not relevant" to a forcible detainer action). We overrule the Adamses' issues relating to the Ghodanias' status as landlords.

**CONCLUSION**

Having overruled the Adamses' issues, we affirm the county court at law's judgment.

_____

Gisela D. Triana, Justice

Before Chief Justice Rose, Justices Triana and Kelly

Affirmed

Filed:   May 30, 2019